IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

STELLA R. KIRBY,

        Plaintiff,

v.                                       No. Civ. 05-402 WJ/WDS

LONG-TERM DISABILITY PLAN OF
TAD RESOURCES INTERNATIONAL, INC.,
ADECCO USA, INC., and GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA

        Defendants.

## MEMORANDUM OPINION AND ORDER

On August 18, 2005, Defendant Guardian Life Insurance Company of America

("Guardian") filed a Motion to Dismiss Claims against Defendant Guardian Life Insurance

Company of America (Doc. No. 6). The Court, having considered the motion, briefs, relevant

law and being otherwise fully informed, concludes that Defendant's motion to dismiss Plaintiff's

claims against it should be granted but that Defendant's request for attorney's fees should be

denied.

I.      **Background**

    A.     **Factual History**

The following facts are taken from Plaintiffs' complaint and are assumed to be true for

purposes of this motion.

Plaintiff Stella Kirby worked for TAD Resources International, Inc. ("TAD"), as a

regional manager. TAD provided to its employees various ERISA benefit plans, including a long-

term disability plan (the "Plan"). Defendant Guardian provided an insurance policy to TAD for

benefits payable under the Plan.  Guardian acted as claims review fiduciary of the Plan and had

discretionary authority to determine eligibility for Plan benefits.  Defendant Adecco USA, Inc.

("Adecco"), acquired TAD in 1997 and is TAD's successor in interest.

In January 1996, Plaintiff became physically unable to do the normal duties of her job due

to chronic fibro-abdominal adhesion disease and other medical conditions.  Plaintiff's treating

physicians have stated that she has been unable to work since early 1996 due to chronic

abdominal pain that prevents her from lifting, twisting, bending, or squatting without suffering

disabling pain. Plaintiff has not returned to work since 1996.  The Social Security Administration

has determined Plaintiff to be disabled and eligible for Social Security benefits.

In 1996, Plaintiff was approved for disability benefits under the Plan.  The Plan paid her

benefits beginning in 1996 and continuing into 1997.  In May 1997, however, Guardian informed

Plaintiff that she would no longer receive benefits from the Plan.  Plaintiff filed an administrative

appeal of the cessation of benefits.  No decision, however, was ever made on the appeal and

benefits were not reinstated.

B.      **Procedural History in State Court**[1]

In April 1999, Plaintiff initiated a state court lawsuit against Guardian and her employer,[2]

alleging seven state law counts for breach of the covenant of good faith and fair dealing,

intentional infliction of emotional distress, fraud, negligent misrepresentation, unreasonable delay,

violations of the Unfair Insurance Practices Act, and violations of the Unfair Practices Act.

---

[1]The following state court procedural history is outlined in *Kirby v. TAD Resources International, Inc.*, 2004-NMCA-095, ¶¶ 2-12, 136 N.M. 148, 95 P.3d 1063.

[2]For purposes of this motion, the Court will consider Adecco to be Plaintiff's employer, as Adecco is TAD's successor-in-interest.

2

Before any defendant filed a responsive pleading, Plaintiff filed an amended complaint with minor variations.  Guardian then filed a motion to dismiss the amended complaint on the grounds that the claims were preempted by the Employment Retirement Income Securities Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  The state district court granted Guardian's motion, dismissed the amended complaint on preemption grounds, and allowed Plaintiff 15 days to file a second amended complaint seeking recovery under ERISA.

In December 1999, Plaintiff filed a second amended complaint in which she named her employer as a defendant but dropped Guardian as a defendant.  The second amended complaint alleged that the action was brought "in part" under ERISA, asserted a claim for failure to pay benefits, and asserted state law claims for fraud and negligent misrepresentation for her employer's alleged erroneous misleading of Plaintiff into believing that her medical insurance would continue as a converted policy if she paid her employer a premium for the coverage.

In March 2001, after Plaintiff substituted counsel, Plaintiff filed a third amended complaint, which asserted only one claim for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B) of ERISA.  Plaintiff's third amended complaint continued to name her employer as a defendant, and she also added the Plan and Guardian as additional defendants.  Guardian subsequently filed a motion to dismiss asserting that the claims against it were barred by the doctrine of res judicata related to the preemption order of dismissal and that the state court lost jurisdiction to allow Plaintiff to file a third amended complaint against it because Plaintiff never appealed the preemption order of dismissal.  On September 20, 2001, the state court granted Guardian's motion to dismiss the third amended complaint based on res judicata and dismissed Plaintiff's claims against Guardian.

In January 2002, Plaintiff filed a motion to reverse Guardian's administrative denial of benefits under the Plan.  Plaintiff argued that she had a right to recover benefits against the Plan and that Guardian, as the claims processor, was not a necessary party for Plaintiff to obtain that relief.  In February 2002, Plaintiff re-served Guardian "as administrator of Adecco/TAD Technical Long-Term Disability Insurance Plan, No. G-290956" and served summons on the various legal incarnations of Plaintiff's employer in its capacity as administrator of the Plan.  In April 2002, the court permitted Adecco to amend its answer to include a third-party complaint against Guardian seeking indemnification if Adecco were eventually ordered to pay benefits to Plaintiff.  The court also remanded the case in order for the administrative appeal process to be completed.

After having been served in its capacity as administrator, Guardian once again filed a motion to dismiss based, among other things, on res judicata and collateral estoppel.  Plaintiff argued that it re-served Guardian to perfect service on the Plan, not to re-assert previously dismissed claims against Guardian.  Guardian replied that Plaintiff was in actuality attempting to recover from Guardian.  In July 2002, the state court ruled that Plaintiff's claims against Guardian in the third amended complaint were barred by res judicata and collateral estoppel.

From September through December 2002, the parties filed various motions to dismiss and motions for summary judgment.  Guardian filed a motion to dismiss or for summary judgment against Adecco on Adecco's third-party complaint.  Adecco filed a motion for summary judgment against Plaintiff, claiming that it was the wrong party to sue under ERISA.  Plaintiff filed a motion for default judgment or summary judgment against the Plan, asserting no one filed an answer on behalf of the Plan and Plaintiff was entitled to benefits under the Plan as a matter of law. Guardian argued that Plaintiff's motion should be denied because Guardian was the only party

4

from whom Plaintiff would have been entitled to obtain benefits and Plaintiff's claims against Guardian had already been dismissed.  Plaintiff responded that the doctrine of res judicata insulated Guardian from direct action by Plaintiff but did not affect Guardian's ultimate liability as insurer of the Plan.

In February 2003, the state court dismissed Plaintiff's ERISA claims based on her failure to include Guardian as a defendant in her second amended complaint.  The court declined to enter judgment against the Plan when Plaintiff was precluded from recovering against Guardian, the party that funds the Plan.  The court also granted summary judgment in favor of Adecco, finding that Guardian had sole discretion to determine and pay benefits under the Plan.

Plaintiff appealed the state district court's orders to the New Mexico Court of Appeals. Plaintiff argued the following on appeal:  (1) the Plan was the proper defendant in a claim for ERISA benefits; (2) Plaintiff was entitled to a default or summary judgment against the Plan, (3) dismissal of Guardian did not preclude Plaintiff from obtaining a judgment against the Plan; and (4) the district court erred in dismissing Adecco, the Plan administrator.  Plaintiff did not appeal the dismissal of her ERISA claim against Guardian.  Nevertheless, Guardian participated in the appeal, arguing that the dismissal of Guardian precluded recovery by Plaintiff against the Plan.

The New Mexico Court of Appeals affirmed in part, reversed in part, and remanded. *Kirby*, 2004-NMCA-095, ¶ 47, 136 N.M. at 160, 95 P.3d at 1075.  The court of appeals determined that the Plan and Guardian were not identical or inseparable in regard to Plaintiff's benefits claim under 29 U.S.C. § 1132(a)(1)(B).  *Id.* at ¶ 26, 136 N.M. at 155, 95 P.3d at 1070. The court thus held that Plaintiff could sue the Plan for benefits and that the benefits claim was not barred under res judicata or collateral estoppel.  *Id.* at ¶¶ 28-30, 136 N.M. at 155-56, 95 P.3d

5

at 1070-71.  The court explained that it was not persuaded by Guardian's argument that, "due to Guardian's dismissals, a judgment in this case against the Plan would necessarily be unenforceable in any action or proceeding."  *Id.* at ¶ 27, 136 N.M. at 155, 95 P.3d at 1070.  The court further concluded that "a judgment against the Plan for past due and future benefits is enforceable only against the Plan as an entity."  *Id.* at ¶ 38, 136 N.M. at 158, 95 P.3d at 1073.  The court of appeals, however, rendered "no opinion on whether Plaintiff, were she to obtain a judgment against the Plan, can succeed in some action or proceeding to enforce the judgment.  That will need to be determined at the time Plaintiff attempts to enforce any judgment she may obtain."  *Id.*  The court therefore left "for another day the issue of whether a judgment against the Plan can ultimately be satisfied in this case."  *Id.*  The court denied Plaintiff default or summary judgment against the Plan, and instead, remanded for further proceedings on the merits.  *Id.* at ¶ 42, 136 N.M. at 159, 95 P.3d at 1074.

As to Plaintiff's claim against Adecco, the court of appeals held that Adecco was not a proper party, as Adecco's duties and functions under the Plan were ministerial and minimal.  *Id.* at ¶ 44-45, 136 N.M. at 159-60, 95 P.3d 1074-75.  The court explained as follows:

> Nothing in the Plan indicates in any way that, were there to be a judgment against the Plan on Plaintiff's benefits claim, [Adecco] would be required to act or would have authority or power to act in any manner as administrator or as a fiduciary to carry out the judgment or to see that the judgment was satisfied. . . .[Adecco's] mere existence as sponsor and plan administrator with no control over the administration of the Plan and no authority or discretion in regard to acting on a benefits claim does not assist Plaintiff in advancing toward a judgment for benefits under the Plan.

*Id.*  The court thus affirmed the district court's dismissal of Plaintiff's third amended complaint against Adecco.  *Id.* at ¶ 47, 136 N.M. at 160, 95 P.3d at 1075.

Following remand of the case, on November 16, 2004, the Honorable William P. Lynch, state district judge for the Fifth Judicial District, entered a Judgment in favor of Plaintiff. Mem. of Pl. Kirby in Opp. to Mot. of Guardian Life for Dismissal (Doc. No. 12) ("Pl.'s Mem."), Ex. 5. Judge Lynch determined, after reviewing the administrative record, motions, briefs, and arguments of the parties, that Plaintiff met the definition of disability under the Plan and that the denial of disability benefits to Plaintiff was arbitrary, capricious, and without support in the record. *Id.*, Ex. 5 at 1-2. Judge Lynch therefore ordered the Plan to pay Plaintiff "long-term disability benefits at the rate of $2,195.60 per month for the period May 14, 1997 to the present", including interest on past due benefits. *Id.*, Ex. 5 at 2. The court also ordered the Plan to reinstate monthly benefits to Plaintiff. *Id.* Despite the entry of the state court judgment, neither Guardian or Adecco have paid Plaintiff benefits on behalf of the Plan.

C.      **Procedural History in Federal Court**

On April 8, 2005, Plaintiff filed a complaint in this Court for ERISA benefits against only the Plan. (Doc. No. 1). On July 21, 2005, Plaintiff filed an amended complaint adding Adecco and Guardian as defendants and adding claims. (Doc. No. 3). The amended complaint contains four counts: (1) failure of all Defendants to pay benefits to Plaintiff under the terms of the ERISA plan and according to the judgment issued by the state district court, in violation of 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty against Adecco in violation of 29 U.S.C. § 1132(a)(3) and liability against Adecco for Guardian's breach of fiduciary duty under 29 U.S.C. § 1105(a); (3) breach of fiduciary duty against Guardian for failing to pay Plaintiff benefits to which she is entitled under the Plan and under the state court judgment in violation of 29 U.S.C. § 1104(a)(1)(A) and request for equitable relief; and (4) claim for attorney's fees against all

Defendants under 29 U.S.C. § 1132(g).

On August 18, 2005, Guardian filed a Motion to Dismiss Claims against Defendant Guardian Life Insurance Company of America (Doc. No. 6). Guardian argues that Plaintiff's ERISA benefits claim in Count I against Guardian should be dismissed for three reasons: (1) it is barred under the doctrine of res judicata; (2) ERISA's judgment enforcement provision forecloses Plaintiff's attempts to hold Guardian liable for judgment against the Plan; and (3) the statute of limitations bars the claim. *See* Guardian's Mem. Br. in Supp. of Def. Guardian Life Ins. Co. of America's Mot. to Dismiss (Doc. No. 7) ("Guardian's Mem.") at 2. Guardian also asserts that Plaintiff's breach of fiduciary duty claim against Guardian in Count III should be dismissed for three reasons: (1) Plaintiff cannot disguise an ERISA benefits claim as a fiduciary breach claim; (2) Guardian cannot be liable for breach of a fiduciary duty when Guardian has no obligation to pay benefits; and (3) the statute of limitations bars the claim. *Id.* In addition, Guardian requests attorney's fees under 29 U.S.C. § 1132(g)(1).

II.    **Standard**

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The Court may not dismiss a cause of action under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *See, e.g., H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules

of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).  A motion to dismiss based on preclusion doctrines is similarly analyzed under the same standard as a Rule 12(b)(6) motion to dismiss where the application of the doctrines turns on information contained in the complaint.  *Nichols v. Danley*, 266 F.Supp.2d 1310, 1312 (D.N.M. 2003).

III.    **Discussion**

    A.    **Res Judicata**

    "Claim preclusion bars litigation of claims that were or could have been advanced in an earlier proceeding."  *State ex rel. Martinez v. Kerr-McGee Corp.*, 120 N.M. 118, 121, 898 P.2d 1256, 1259 (Ct. App. 1995).  According to the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to a state-court judgment that the courts of the state in which the judgment was rendered would give the judgment.  *Jiron v. City of Lakewood*, 392 F.3d 410, 415-16 (10th Cir. 2004).  Under New Mexico law, res judicata bars re-litigation of a claim when four elements are met:  (1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) same cause of action, and (4) same subject matter.  *Three Rivers Land Co., Inc. v. Maddoux*, 98 N.M. 690, 694, 652 P.2d 240, 244 (1982), *overruled on other grounds by Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467 (1986); *Wolford v. Lasater*, 1999-NMCA-024, ¶ 5, 126 N.M. 614, 973 P.2d 866.  "Additionally, the parties must have had a full and fair opportunity to litigate issues arising from the claim, and there must have been a final decision on the merits."  *Wolford*, 1999-NMCA-024, ¶ 5, 126 N.M. 614, 973 P.2d 866.  The party asserting res judicata has the burden to show with

clarity and certainty that the res judicata elements are satisfied. *Nichols*, 266 F.Supp.2d at 1312-13 (citing *Kerr-McGee*, 120 N.M. at 122, 898 P.2d at 1260). *See also Bank of Santa Fe v. Marcy Plaza Assoc.*, 2002-NMCA-014, ¶ 14, 131 N.M. 537, 540, 40 P.3d 442, 445 (noting that party seeking to bar claims has burden of establishing res judicata).

New Mexico adopted the Restatement of Judgments §§ 24 and 25 in defining the dimensions of a claim for res judicata purposes. *Three Rivers*, 98 N.M. at 695, 652 P.2d at 245. When a judgment entered in a case extinguishes the plaintiff's claim, "the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* (quoting Restatement of Judgments § 24). What constitutes a transaction or a series of transactions is determined pragmatically by giving weight to certain factors such as whether the facts are related in time, space, origins, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. *Id.* A mere change in legal theories or the seeking of new remedies does not create a new cause of action. *Id.*

Res judicata does not apply, however, where a plaintiff could not seek a certain relief or rely on a certain legal theory in the first action because the first court lacked subject matter jurisdiction over the claim. *Kerr-McGee*, 120 N.M. at 122, 898 P.2d at 1260. *See also Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985) ("If state preclusion law includes this requirement of prior jurisdictional competency, which is generally true, a state judgment will *not* have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts.") (original emphasis); *Strickland v. City of Albuquerque*, 130

F.3d 1408, 1412 (10th Cir. 1997) ("If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground . . . then a second action in a competent court presenting the omitted theory or ground should be held not precluded.") (quoting Restatement (Second) of Judgments § 25, Comment e).

In this case, Guardian asserts that res judicata bars Count I of Plaintiff's amended complaint.  Guardian claims that Count I arises out of the same subject matter -- the denial of disability payments -- as in the state case and alleges the same cause of action – failure to pay disability benefits in violation of 29 U.S.C. § 1132(a)(1)(B) – as the Third Amended Complaint in the state case.  Guardian also contends that the state case and this case involve the same parties in the same capacities, and thus, all elements of res judicata are met to bar Count I.

In response, Plaintiff argues that res judicata does not apply because (1) the state court did not have jurisdiction over Plaintiff's claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), and (2) Plaintiff's current claims arose subsequent to the state court case when Guardian refused to honor the state court judgment.  Based on Plaintiff's arguments, it does not appear that Plaintiff is contesting that the first two res judicata elements – identity of parties and identity of capacity -- are satisfied.  Rather, Plaintiff's argument seems to be that the third and fourth elements of res judicata -- same cause of action and same subject matter -- have not been satisfied.  The Court will address each of Plaintiff's arguments in turn.

1.    **State court jurisdiction over ERISA claims alleged in Counts I and III**

Section 1132(e)(1) of ERISA provides:  "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions

11

under this subchapter." 29 U.S.C. § 1132(e)(1). Section 1132(e)(1) further states that state courts only have concurrent jurisdiction over actions brought under § 1132(a)(1)(B) and §1132(a)(7). Section 1132(a)(1)(B), the relevant section at issue here, provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[3]

Plaintiff has alleged three claims against Guardian: (1) failure to pay long-term disability benefits to Plaintiff under the terms of the Plan in violation of § 1132(a)(1)(B) (Count I.A.); (2) failure to pay benefits awarded to Plaintiff by the judgment of the state court in violation of § 1132(a)(1)(B) (Count I.B.); and (3) breach of its fiduciary duty under § 1132(a)(3) for failing to pay benefits to which Plaintiff is entitled under the state court judgment (Count III). As for Plaintiff's latter claim, state courts do not have jurisdiction over a valid claim brought under § 1132(a)(3), because § 1132(e) grants federal courts exclusive jurisdiction over such claims. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1085 (5th Cir. 1996) (noting that federal district courts have exclusive jurisdiction of actions to enforce fiduciary obligations under ERISA). Thus, if Plaintiff has stated a proper, valid claim for breach of fiduciary duty under § 1132(a)(3), then the state courts would not have had jurisdiction over the claim and res judicata would not bar the claim.

Guardian nevertheless contends that Plaintiff's breach of fiduciary duty claim under § 1132(a)(3) is in actuality an impermissible re-casting of her benefits claim such that res judicata

---

[3]Section 1132(a)(7) involves enforcement of a qualified medical child support order, which is not at issue here.

bars the claim.  Guardian's argument, however, is based, not on the application of the elements of res judicata to the claim, but rather on whether or not Plaintiff has stated a viable claim under § 1132(a)(3).  The Court will thus consider this issue later in this opinion when discussing the merits of Count III.

In contrast to Plaintiff's breach of fiduciary duty claim, Plaintiff's claims for plan benefits in Counts I.A. and I.B. are claims Plaintiff explicitly brought under 29 U.S.C. § 1132(a)(1)(B), the subsection over which state courts have concurrent jurisdiction.  The doctrine of res judicata can therefore bar these claims so long as the claim preclusion elements are met.  The Court must therefore determine whether Guardian has met its burden of demonstrating that res judicata bars these claims.

### 2.    Res judicata analysis

#### a.    Count I.A.

Plaintiff's first amended complaint filed in state court against Defendants Guardian and Adecco alleged various state claims arising out of Guardian's "failing to approve and pay benefits as provided under the" Plan.  *See* Guardian's Mem., Ex. E at 4 (Amended Complaint to Recover Damages for Insurance Bad Faith).  Plaintiff's third amended complaint filed in state court against the Plan, Adecco, and Guardian alleged a sole claim under 29 U.S.C. § 1132(a)(1)(B) for wrongful denial of benefits in breach of the terms of the benefits Plan.  *See Kirby*, 2004-NMCA-095, ¶ 6, 136 N.M. at 149-50, 95 P.3d at 1064-65; Guardian's Mem., Ex. F (Third Amended Complaint for Group Insurance Benefits).  In this case, Plaintiff alleges in Count I.A. that Guardian failed to pay disability benefits to Plaintiff under the terms of the ERISA Plan, in violation of 29 U.S.C. § 1132(a)(1)(B).  Amended Compl., ¶ 18.

13

To the extent that Plaintiff's claim in Count I.A. is a claim for denial of benefits based on Guardian's initial refusal to pay Plan benefits, the claim is barred by res judicata, as it originated at the same time, is the same cause of action, and arises from the same subject matter as the state court action.  The facts giving rise to both such claims relate to whether Plaintiff met the definition of disability under the terms of the Plan and whether the denial of disability benefits to Plaintiff was arbitrary, capricious, and without support in the record.  Guardian has demonstrated that the two contested elements of res judicata are met as to such a claim.  Therefore, to the extent Count I.A. is a claim for denial of benefits based on Guardian's original refusal to pay Plan benefits based on its interpretation that Plaintiff was not disabled under the terms of the Plan, such a claim must be dismissed as barred by res judicata.

This Court, however, also construes Plaintiff's claim in Count I.A. as a claim for the denial of benefits based on Guardian's refusal to pay benefits after the state court determined that Plaintiff was eligible for benefits under the terms of the Plan.  At the time the state court determined that Plaintiff was entitled to long-term disability benefits under the Plan, Guardian became aware that Plaintiff was a beneficiary of the Plan and was entitled to recover benefits.  Guardian's failure to pay benefits after the state court's determination that Plaintiff was a beneficiary under the terms of the Plan is a new cause of action because Guardian committed a new breach of the terms of the Plan.  This new cause of action originated at a different time and based on a new set of facts:  that Plaintiff has been judicially determined eligible for benefits and that the Plan and claims administrator/insurer are ignoring the judgment ordering the payment of Plaintiff's benefits.  The current claim does not involve the subject matter considered by the state court – whether Plaintiff is disabled under the terms of the Plan.  Rather, the subject matter before

14

this Court is whether Guardian must pay Plan benefits awarded to Plaintiff against the Plan where the terms of the Plan allegedly require Guardian to pay all benefits due to beneficiaries. This latter claim involves the terms of the Plan that deal with who has the responsibility for payment of Plan benefits rather than the terms that concern Plaintiff's qualification for disability. Because the claim in Count I.A. originates at a different time and is based on different facts from the state court suit, Plaintiff's claim for denial of benefits under the terms of the Plan post-judgment is not the same cause of action or subject matter as that litigated in the state court. Additionally, the parties did not have a full and fair opportunity to litigate this cause of action in state court, as it arose only after a judgment was entered.[4]   Accordingly, res judicata does not bar Plaintiff's claim in Count I.A.

b.   <b>Count I.B.</b>

For the same reasons, the Court concludes that Count I.B. is not barred by res judicata. Count I.B. is expressly based on Guardian's failure to pay benefits awarded to Plaintiff against the Plan by the state court *judgment*. This cause of action thus arose only after the state court judgment was entered. Like the claim in Count I.A. for the denial of benefits based on Guardian's refusal to pay benefits after the state court entered its judgment, Count I.B. arises at a different time and from a different set of facts from the underlying state court claim. Count I.B. thus involves a different cause of action and different subject matter from the state court suit; therefore, res judicata does not preclude Plaintiff's claim in Count I.B.

<b>B.   Merits of Counts I.A. and I.B.</b>

---

[4]The New Mexico Court of Appeals in *Kirby* expressly left "for another the day the issue of whether a judgment against the Plan can ultimately be satisfied in this case." 2004-NMCA-095, ¶ 38, 136 N.M. at 158, 95 P.3d at 1073.

Although the Court has concluded that res judicata does not bar Plaintiff's claims in Counts I.A. and I.B., both Plaintiff's claims nevertheless must be dismissed against Guardian for failure to state viable causes of action.

Plaintiff alleges in Count I.B. that the "failure of Defendants to pay benefits awarded to Plaintiff by the judgment of the Fifth Judicial District Court constitutes a separate violation of 29 U.S.C. § 1132(a)(1)(B)." Amended Compl., ¶ 19. Although Plaintiff's claim in Count I.A. is based on the terms of the plan, Plaintiff herself describes both her claims in Count I as "for the obligations created by the state court's judgment and order." Pl.'s Mem. at 11. Plaintiff states that her "present (a)(1)(B) claim is a claim about payment." *Id.* at 14. Based on Plaintiff's own descriptions and allegations, the Court interprets Plaintiff's causes of action in both Counts I.A. and I.B. as direct claims for enforcement of the state court judgment.

Enforcement of a state court judgment, however, is not a valid cause of action under § 1132(a)(1)(B). Section 1132(a)(1)(B) provides that a civil action may be brought "to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). According to the plain language of this section, the section only authorizes civil actions based on the terms of the plan. It does not authorize suits to enforce rights under a state court judgment or to recover payment due under a judgment. *See Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 832-33 (1988).

In *Mackey*, the Supreme Court considered whether Congress, in enacting ERISA, intended to preempt state-law garnishment of an ERISA welfare benefit plan. *Id.* at 827. In holding that state-law collection methods, including garnishment, remained undisturbed by

16

ERISA, the Court noted that "ERISA does not provide an enforcement mechanism for collecting judgments" won in causes of action for benefits or to enforce a participant's rights under a plan. *Id.* at 833.  The Court explained that, while 29 U.S.C. § 1132(d) "contemplates execution of judgments won against plans in civil actions, it does not provide mechanisms to do so." *Id.* "Consequently, state-law methods for collecting money judgments must, as a general matter, remain undisturbed by ERISA; otherwise, there would be no way to enforce such a judgment won against an ERISA plan." *Id.* at 834.  Although the Supreme Court stated that it was clear that money judgments won in state court against ERISA plans are collectable, the Court nonetheless held that ERISA does not provide the enforcement mechanism for collecting judgments. *Id.* at 833-34.  The *Mackey* Court's reasoning supports this Court's interpretation of § 1132(a)(1)(B) as not providing a cause of action to enforce a state court judgment awarding benefits.  Moreover, this interpretation is in keeping with the Supreme Court's explicit reluctance to extend remedies not specifically authorized by the text of the ERISA statute. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002).

Accordingly, based on the plain language of section 1132(a)(1)(B) and the Supreme Court's reasoning in *Mackey*, the Court finds that 29 U.S.C. § 1132(a)(1)(B) does not provide a separate cause of action based on the failure of Guardian to pay benefits awarded to Plaintiff by the state court judgment.[5]  As Count I.B. is explicitly brought to enforce the judgment, that claim must be dismissed for failure to state a claim.  Plaintiff's claim in Count I.A. fares no better, even though Plaintiff attempts to frame that claim as involving the terms of the Plan that relate to who

---

[5]This Court renders no opinion on whether Plaintiff could prevail in any attempt to require Defendant Guardian to pay the judgment rendered against the Plan in its capacity as claims administrator/insurer using state-law methods for collecting money judgments.

is responsible for payment, rather than the terms of the judgment itself.  Despite Plaintiff's

attempts to distinguish Count I.A. from Count I.B., both counts hinge on the issue of whether

Plaintiff can get to the pockets of Guardian, the claims administrator and insurer, through a

judgment against the Plan.  This issue is fundamentally and inescapably about how to collect and

enforce the judgment.  As *Mackey* held, this issue can only be resolved by the state court in

proceedings to enforce its own judgment.  Therefore, although the terms of the Plan related to

whether Guardian should pay benefits on behalf of the Plan will be at issue, it is a collection and

enforcement issue that only the state court can resolve.  An action to recover the benefits awarded

by the state court judgment is simply not provided for in § 1132(a)(1)(B).  Plaintiff's cause of

action in Counts I.A. and I.B. therefore must be dismissed for failure to state a valid cause of

action.[6]

C.    **Validity of Plaintiff's Claim for Breach of Fiduciary Duty**

Count III of Plaintiff's amended complaint alleges a cause of action against Guardian for

breach of its fiduciary duty to pay benefits to which Plaintiff is entitled under the terms of the Plan

and the state court judgment.  Plaintiff alleges that Guardian violated its duty under 29 U.S.C. §

1104(a)(1)(A) to act for the exclusive purpose of "providing benefits to participants and their

beneficiaries."  29 U.S.C. § 1104(a)(1)(A).  Plaintiff requests that Guardian "be enjoined from

further refusing to pay benefits to Plaintiff" and asks for "other appropriate equitable relief" in

accordance with 29 U.S.C. § 1132(a)(3).  Amended Compl. at ¶ 36.

Guardian asserts that Plaintiff fails to state a claim for breach of fiduciary duty for three

---

[6]Given that the Court has determined that Counts I.A. and I.B. must be dismissed for
failure to state a claim, this Court need not reach the other issues raised by Defendant regarding
Count I.

reasons.  First, Guardian contends that § 1132(a)(3) cannot be used to obtain benefits because

benefits are not appropriate equitable relief.  Second, Guardian claims it did not breach its

fiduciary duty because the state court judgment is only against the Plan and the New Mexico

Court of Appeals decision in *Kirby* established that Guardian is a separate and distinct entity from

the Plan.  Finally, Guardian claims that the statute of limitations bars Plaintiff's claim.  Because

this Court concludes that Count III must be dismissed based on the availability of adequate relief

under 29 U.S.C. § 1132(a)(1)(B), this Court need not consider Guardian's latter two arguments.

Section 1132(a)(3) provides that a participant or beneficiary may bring a civil action

"(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of

the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to

enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3).

Section 1132(a)(3) authorizes civil suits by participants and beneficiaries for individualized

equitable relief to redress harm to beneficiaries caused by a fiduciary's breach.  *Varity Corp. v.*

*Howe*, 516 U.S. 489, 507 (1996).  Although allowing such suits, the Supreme Court emphasized

the following limitation:  "we should expect that where Congress elsewhere provided adequate

relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which

case such relief normally would not be 'appropriate.'"  *Id.* at 515.

The Supreme Court has interpreted the phrase "equitable relief" under § 1132(a)(3) to

mean "those categories of relief that were *typically* available in equity (such as injunction,

mandamus, and restitution, but not compensatory damages)."  *Mertens v. Hewitt Associates*, 508

U.S. 248, 256 (1993) (original italics).  The Court noted that although plaintiffs "often dance

around the word, what [they] in fact seek is nothing other than compensatory *damages*" in the

form of monetary relief for damages resulting from an alleged breach of fiduciary duty.  *Id.* at 255

(original emphasis).  "Money damages are, of course, the classic form of *legal*, not equitable,

relief.  *Id.* (original emphasis).

In *Great-West*, the Supreme Court further clarified the meaning of "appropriate equitable

relief:"

> Almost invariably . . . suits seeking (whether by judgment, injunction, or
> declaration) to compel the defendant to pay a sum of money to the plaintiff are
> suits for 'money damages,' as that phrase has traditionally been applied, since they
> seek no more than compensation for loss resulting from the defendant's breach of
> legal duty.

534 U.S. at 210 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (Scalia, J., dissenting)).

Nevertheless, the Court in *Great-West* distinguished between equitable claims that seek to prevent

or correct future losses, which are permissible under ERISA, and those that seek past due sums,

which are not.  *See id.* at 211-12; *Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1075 (9th

Cir. 2005).  In determining whether an action for equitable relief is properly brought under

ERISA, a court must look to the substance of the remedy sought rather than on the label placed

on that remedy.  *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1185 (9th Cir. 2004).

The Tenth Circuit recently examined what is "appropriate equitable relief" under

§ 1132(a)(3) in *Callery v. United States Life Ins. Co. in the City of New York*, 392 F.3d 401 (10th

Cir. 2004).  In *Callery*, the plaintiff filled out an application for life insurance, which was

sponsored by her company, for her spouse in the amount of $100,000.  *Id.* at 403.  Although the

plaintiff subsequently divorced her spouse, plaintiff continued to pay life insurance premiums for

her spouse's coverage until his death.  *Id.*  The plaintiff applied for benefits, but the insurance

company denied coverage based on a policy exclusion terminating coverage upon divorce and

refunded the premiums she had paid.  *Id.*  The plaintiff brought suit alleging, among other things,

a claim for equitable relief under § 1132(a)(3).  *Id.* at 403-04.  The plaintiff asked the court to

enjoin the defendants from not paying her life insurance benefits or to issue an order estopping the

defendants from denying the claim.  *Id.* at 405.  The Tenth Circuit determined, however, that the

remedy the plaintiff was seeking – payment of policy proceeds – was, in reality, money damages,

a form of legal relief.  *Id.* at 405-06.  The court therefore concluded the plaintiff's claim for relief

failed under § 1132(a)(3).  *See id.* at 409.

     Nevertheless, the court did not thereby hold that all requests for relief that would result in

payment of benefits were precluded.  The *Callery* court noted that the plaintiff had not sought

relief in the form of reinstatement.  *Id.* at 406.  More importantly, the court distinguished one of

its earlier decisions, *Downie v. Independent Drivers Assoc. Pension Plan*, 934 F.2d 1168 (10th

Cir. 1991), where the Tenth Circuit concluded that the plaintiff was entitled to equitable relief

under § 1132(a)(3).  *Callery*, 392 F.3d at 407.  In *Downie*, the district court ordered an ERISA

benefits plan to reinstate the plaintiff's pension benefits as though he had not taken early

retirement, following the district court's determination that the plan did not provide notice to the

plaintiff that it was a violation of the plan to return to full-time employment, in contravention of

ERISA.  934 F.2d at 1169-70.  The Tenth Circuit in *Downie* agreed that the equitable remedy

fashioned by the district court was proper under § 1132, although it remanded the case for

clarification of certain details in the order.  *See id.* at 1170-71.  In *Callery*, the court distinguished

between the relief sought there – the payment of insurance proceeds – and the relief sought in

*Downie*:  "In *Downie*, the court used its equitable powers to restore the parties to their original

positions in order to affect the beneficiary's ability *to receive future payments*.  This is a *clear*

*equitable remedy* and is distinct from the relief sought in this case."  392 F.3d at 407 (emphasis

added and internal citation omitted).  Based on this differentiation, the Tenth Circuit appears to

view the reinstatement of future benefits payments as an equitable remedy distinct from an

injunction to compel the payment of money past due under a policy.  *Compare Callery*, 392 F.3d

at 405-07; *and Downie*, 934 F.2d at 1170-71; *with Great-West*, 534 U.S. at 210-11.

In this case, Plaintiff asserts that two equitable remedies are available:  (1) reformation of

Guardian's claim file to show Plaintiff eligible for benefits as of the date it discontinued them, and

(2) reinstatement to current ongoing payment status.  As in *Downie*, Plaintiff's requested relief

would affect her ability to receive *future* payments, and would not merely be a remedy of money

damages for past harm, as in *Great-West* and *Callery*.  Consequently, this Court concludes that

Plaintiff's proposed relief of reinstatement of benefits or reformation of the claim file are claims

for equitable injunctive relief.  *See Varity*, 516 U.S. at 515 (it was undisputed that reinstatement

into former employer's plan, which had continued to provide benefits to other employees, was

appropriate equitable remedy under § 1132(a)(3)); *Callery*, 392 F.3d at 405-07 (distinguishing

between legal relief of payment of insurance proceeds past due under policy and equitable relief of

future payments); *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1254-56 & n.7 (10th

Cir. 2004) (indicating that reinstatement of benefits, where possible, is equitable remedy and

distinguishing between reinstatement in a job, which is equitable form of injunctive relief, and

backpay, which is legal); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1186-87 (9th Cir. 2004)

(order to modify plan records to include plaintiffs in benefit plan, like reinstatement of benefits, is

permissible equitable relief under § 1132(a)(3)); *Downie*, 934 F.2d at 1170-71 (affirming district

court's use of equitable powers to restore parties to their original positions in order to allow

beneficiary of ERISA pension plan to receive future pension payments); *Atwood v. Swire Coca-Cola, USA*, 2005 WL 2739151 (D. Utah Oct. 24, 2005) (unpublished opinion) (plaintiff's request to put him in position that he would have been in had defendant properly enrolled plaintiff in its long-term disability plan when he was first hired is claim for appropriate equitable relief under § 1132(a)(3)). Moreover, based on the pleadings before the Court, it appears that the Plan still exists and continues to remain in effect. There is thus nothing in the record before the Court that indicates reinstatement of benefits or reformation of the claim file would be impossible remedies to order.

The fact that reinstatement to the contract would also provide monetary relief to Plaintiff does not mean that the relief thereby constitutes legal relief. *Calhoon v. Trans World Airlines, Inc.*, 400 F.3d 593, 597 (8th Cir. 2005) ("[P]articular types of monetary relief may occasionally be 'made part of an equitable remedy' such as an injunction or reinstatement, although 'a freestanding claim' for the same monetary relief would constitute legal relief.") (quoting *Great-West*, 534 U.S. at 218 n.4); *Mathews*, 362 F.3d at 1186 (although order to modify plan records will result in paying plaintiffs sums of money, "the mere payment of money does not necessarily render the award compensatory 'monetary damages'"). As the Tenth Circuit explained, "'any equitable relief, including those forms explicated by the Court as available under [§ 1132(a)(3)], must involve the direct or indirect transfer of money, and we cannot read the statute to proscribe all forms of relief.'" *Gorman v. Carpenters' & Mill Wrights' Health Benefit Trust Fund*, 410 F.3d 1194, 1201 (10th Cir. 2005) (quoting *Administrative Committee of the Wal-Mart Associates Health and Welfare Plan v. Willard*, 393 F.3d 1119, 1125 (10th Cir. 2004)). Consequently, this Court concludes that Plaintiff has stated a claim for equitable relief, despite the fact that her

remedy will involve the transfer of money.

This does not end the Court's inquiry, however, because not only must Plaintiff's requested relief be equitable, but it also must be "appropriate."   Relief under § 1132(a)(3) is not appropriate "where Congress elsewhere provided adequate relief for a beneficiary's injury." *Varity*, 516 U.S. at 515.  In this case, Plaintiff has other adequate relief to address her injuries. Section 1132(a)(1)(B) provides a cause of action to recover benefits due, to enforce rights to future benefits, and to clarify a plaintiff's rights to future benefits.  Section 1132(a)(1)(B) thus offers Plaintiff adequate relief because it allows a court to reinstate benefits and protect a plaintiff's rights to future benefits.  *See Hyde v. Benicorp Ins. Co.*, 363 F.Supp.2d 1304, 1309 (D. Kan. 2005) (concluding that equitable relief was not appropriate under § 1132(a)(3) because § 1132(a)(1)(B) provides adequate remedies in that court can both reinstate benefits and protect plaintiffs' rights to future benefits).  The state court, in fact, ordered the reinstatement of monthly benefits as a remedy under 29 U.S.C. § 1132(a)(1)(B).  As discussed above, Plaintiff can enforce her rights to benefits, as awarded by the state court judgment, through state court judgment collection and enforcement procedures.  Section 1132(a)(1)(B), coupled with state court judgment enforcement mechanisms, provide Plaintiff with adequate relief for her claim.  Plaintiff, therefore, cannot state a cause of action under § 1132(a)(3) since equitable relief would not be "appropriate."  *See Varity*, 516 U.S. at 515; *Lefler v. United Healthcare of Utah, Inc.*, 72 Fed.Appx. 818, 826 (10th Cir. Aug. 14, 2003) (unpublished opinion) (holding that it was improper to consider claim under § 1132(a)(3) when class stated cognizable claim under § 1132(a)(1)(B), which provided adequate relief for alleged class injury, even though plaintiff's claim under § 1132(a)(1)(B) was ultimately unsuccessful); *Ogden v. Blue Bell Creameries U.S.A.,*

*Inc.*, 348 F.3d 1284, 1285 (11th Cir. 2003) (plaintiff had no cause of action under § 1132(a)(3) where plaintiff had adequate remedy under § 1132(a)(1)(B), even if res judicata barred adequate remedy provided); *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate. . . . The simple fact that [plaintiff] did not prevail on his claim under section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable."); *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615-16 (6th Cir. 1998) (where plaintiff has remedy for alleged injury under § 1132(a)(1)(B) for denial of benefits, plaintiff does not have cause of action for breach of fiduciary duty under § 1132(a)(3)); *Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) (plaintiff did not have cause of action under § 1132(a)(3) because plaintiff had adequate relief through her right to bring claim for benefits under § 1132(a)(1)(B)).

Additionally, *Mackey* precludes Plaintiff's claim for breach of fiduciary duty, as Plaintiff is attempting to collect and enforce a state court judgment. ERISA, including § 1132(a)(3), simply does not provide an enforcement mechanism for collecting judgments won under § 1132(a)(1)(B). *Mackey*, 486 U.S. at 833. Plaintiff must utilize state enforcement procedures to enforce her rights under the state court judgment. Accordingly, Plaintiff's breach of fiduciary duty claim must be dismissed based on the availability of adequate relief under 29 U.S.C. § 1132(a)(1)(B) and state-law methods for collecting money judgments.

      D.    **Attorney's Fees**

          1.    **Guardian's request for attorney's fees**

Guardian requests that the Court should award it attorney's fees.  ERISA provides that a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  When determining whether to award fees under § 1132(g)(1), a court should consider the following factors among others:  (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.  *Gordon v. U.S. Steel Corp.*, 724 F.2d 106, 109 (10th Cir. 1983).

The Court declines to award attorney's fees to Guardian.  The Court finds that Plaintiff did not act in bad faith in bringing this suit.  Plaintiff raised important legal questions regarding whether, under ERISA, a claims administrator and Plan fiduciary must pay, on behalf of a Plan, a state court judgment awarded to Plaintiff against only the Plan. Although the Court ultimately determined that Plaintiff's claims must be dismissed, the Court did so, not on the basis of res judicata, but on the constraints in ERISA law, which is a body of law that, to say the least, is not a model of clarity.  Plaintiff merely chose the wrong forum to bring her claim to enforce the judgment.  Plaintiff still may ultimately succeed in state court in her quest to hold Guardian responsible for payment of the judgment against the Plan.  The Court thus finds that Plaintiff did not act in bad faith in bringing this suit and finds no need to deter others from acting in the same way under similar circumstances.  Although the Court has little in the record before it as to Plaintiff's ability to personally satisfy an award of attorney's fees, based on the allegations in her

amended complaint, the Court has serious concerns about Plaintiff's ability to pay such an award.
The *Gordon* factors thus weigh in favor of Plaintiff.  Defendant's request for attorney's fees will
therefore be denied.

2.        **Plaintiff's claim for attorney's fees in Count IV**

In its motion, Guardian requests that all claims against it be dismissed.  Guardian did not,
however, specifically address the merits of Count IV of Plaintiff's complaint.  Count IV alleges a
claim for attorney's fees.  Plaintiff claims she is entitled to payment of her reasonable attorney's
fees under 29 U.S.C. § 1132(g) and that she is entitled to payment of her attorney's fees awarded
by the state court judgment.  Although Guardian did not specifically address Plaintiff's claim for
attorney's fees, the dismissal of the substantive causes of action against Guardian necessarily
precipitate the dismissal of Count IV as well.  As discussed above, ERISA does not provide a
separate cause of action to enforce a state court judgment.  Therefore, Plaintiff's attempts to
enforce payment of the attorney's fees awarded by the state court judgment is not a separate
cause of action that can be litigated in this Court.  Plaintiff also cannot recover on her claim for
attorney's fees under § 1132(g), given that the Court has dismissed Plaintiff's substantive claims
in Counts I and III for failure to state valid causes of action.  As the merits of her case have been
resolved against her, the *Gordon* factors do not weigh in Plaintiff's favor.  Consequently, Count
IV of Plaintiff's complaint should also be dismissed.

IT IS THEREFORE ORDERED that:

1.      Defendant's motion to dismiss Counts I, III, and IV of Plaintiff's amended complaint is GRANTED; and

2.      Defendant's request for attorney's fees is DENIED.

United States District Judge