IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

STELLA R. KIRBY,

      Plaintiff,

v.                                              No. Civ. 05-402 WJ/WDS

LONG-TERM DISABILITY PLAN OF
TAD RESOURCES INTERNATIONAL, INC.,
ADECCO USA, INC., and GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA

      Defendants.

**MEMORANDUM OPINION AND ORDER**

On October 13, 2005, Defendant Adecco USA, Inc., ("Adecco") filed a Motion for

Judgment on the Pleadings (Doc. No. 16).  The Court, having considered the motion, briefs,

relevant law and being otherwise fully informed, concludes that Adecco's motion should be

granted.

I.      **Background**

     A.      **Factual History**

The following facts are taken from Plaintiff's complaint and are assumed to be true for

purposes of this motion.

Plaintiff Stella Kirby worked for TAD Resources International, Inc. ("TAD"), as a

regional manager.  TAD provided to its employees various ERISA benefit plans, including a long-

term disability plan (the "Plan").  Defendant Guardian Life Insurance Company of America

("Guardian") provided an insurance policy to TAD for benefits payable under the Plan.  Guardian

acted as claims review fiduciary of the Plan and had discretionary authority to determine eligibility

for Plan benefits.  Defendant Adecco USA, Inc. ("Adecco"), acquired TAD in 1997 and is TAD's successor in interest.

In January 1996, Plaintiff became physically unable to do the normal duties of her job due to chronic fibro-abdominal adhesion disease and other medical conditions.  Plaintiff's treating physicians have stated that she has been unable to work since early 1996 due to chronic abdominal pain that prevents her from lifting, twisting, bending, or squatting without suffering disabling pain. Plaintiff has not returned to work since 1996.  The Social Security Administration has determined Plaintiff to be disabled and eligible for Social Security benefits.

In 1996, Plaintiff was approved for disability benefits under the Plan.  The Plan paid her benefits beginning in 1996 and continuing into 1997.  In May 1997, however, Defendant Guardian informed Plaintiff that she would no longer receive benefits from the Plan.  Plaintiff filed an administrative appeal of the cessation of benefits.  No decision, however, was ever made on the appeal and benefits were not reinstated.

B.   **Procedural History in State Court**[1]

In April 1999, Plaintiff initiated a state court lawsuit against Guardian and her employer,[2] alleging seven state law counts for breach of covenant of good faith and fair dealing, intentional infliction of emotional distress, fraud, negligent misrepresentation, unreasonable delay, violations of the Unfair Insurance Practices Act, and violations of the Unfair Practices Act.  Before any defendant filed a responsive pleading, Plaintiff filed an amended complaint with minor variations.

---

[1]The following state court procedural history is outlined in *Kirby v. TAD Resources International, Inc.*, 2004-NMCA-095, ¶¶ 2-12, 136 N.M. 148, 95 P.3d 1063.

[2]For purposes of this motion, the Court will consider Adecco to be Plaintiff's employer, as Adecco is TAD's successor-in-interest.

Guardian then filed a motion to dismiss the amended complaint on the grounds that the claims were preempted by the Employment Retirement Income Securities Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  The state district court granted Guardian's motion, dismissed the amended complaint on preemption grounds, and allowed Plaintiff 15 days to file a second amended complaint seeking recovery under ERISA.

In December 1999, Plaintiff filed a second amended complaint in which she named her employer as a defendant but dropped Guardian as a defendant.  The second amended complaint alleged that the action was brought "in part" under ERISA, asserted a claim for failure to pay benefits, and asserted state law claims for fraud and negligent misrepresentation for her employer's alleged erroneous misleading of Plaintiff into believing that her medical insurance would continue as a converted policy if she paid her employer a premium for the coverage.

In March 2001, after Plaintiff substituted counsel, Plaintiff filed a third amended complaint, which asserted only one claim for wrongful denial of benefits under ERISA.  Plaintiff's complaint continued to name her employer as a defendant, and she also added the disability plan and Guardian as additional defendants.  Guardian subsequently filed a motion to dismiss asserting that the claims against it were barred by the doctrine of res judicata related to the preemption order of dismissal and that the state court lost jurisdiction to allow Plaintiff to file a third amended complaint against it because Plaintiff never appealed the preemption order of dismissal.  On September 20, 2001, the state court granted Guardian's motion to dismiss based on res judicata, dismissing Plaintiff's claims against Guardian with prejudice.

In January 2002, Plaintiff filed a motion to reverse Guardian's administrative denial of benefits under the Plan.  Plaintiff argued that she had a right to recover benefits against the Plan

and that Guardian, as the claims processor, was not a necessary party for Plaintiff to obtain that

relief.  In February 2002, Plaintiff re-served Guardian "as administrator of Adecco/TAD Technical

Long-Term Disability Insurance Plan, No. G-290956" and served summons on the various legal

incarnations of Plaintiff's employer in its capacity as the administrator of the Plan.  In April 2002,

the court permitted the employer to amend its answer to include a third-party complaint against

Guardian seeking indemnification if the employer were eventually ordered to pay benefits to

Plaintiff.  The court also remanded the case in order for the administrative appeal process to be

completed.

From September through December 2002, the parties filed various motions to dismiss and

After having been served in its capacity as administrator, Guardian once again filed a

motion to dismiss based, among other things, on res judicata and collateral estoppel.  Plaintiff

argued that it re-served Guardian to perfect service on the Plan, not to re-assert previously

dismissed claims against Guardian.  In July 2002, the state court ruled that Plaintiff's claims

against Guardian in the third amended complaint were barred by res judicata and collateral

estoppel.

From September through December 2002, the parties filed various motions to dismiss and

motions for summary judgment.  Guardian filed a motion to dismiss or for summary judgment

against Adecco on Adecco's third-party complaint.  Adecco filed a motion for summary judgment

against Plaintiff, claiming that it was the wrong party to sue under ERISA.  Plaintiff filed a motion

for default judgment or summary judgment against the Plan, asserting no one filed an answer on

behalf of the Plan and Plaintiff was entitled to benefits under the Plan as a matter of law.

Guardian argued that Plaintiff's motion should be denied because Guardian was the only party

from whom Plaintiff would have been entitled to obtain benefits and Plaintiff's claims against

Guardian had already been dismissed.  Plaintiff responded that the doctrine of res judicata insulated Guardian from direct action by Plaintiff but did not affect Guardian's ultimate liability as insurer of the Plan.

In February 2003, the state court dismissed Plaintiff's ERISA claims based on the Plaintiff's failure to include Guardian as a defendant in her second amended complaint.  The court declined to enter judgment against the Plan when Plaintiff was precluded from recovering against Guardian, the party that funded the Plan.  The court also granted summary judgment in favor of Adecco, finding that Guardian had sole discretion to determine and pay benefits under the Plan.

Plaintiff appealed the state district court's orders to the New Mexico Court of Appeals. Plaintiff argued the following on appeal:  (1) the Plan was the proper defendant in a claim for ERISA benefits; (2) Plaintiff was entitled to a default or summary judgment against the Plan, (3) dismissal of Guardian did not preclude Plaintiff from obtaining a judgment against the Plan; and (4) the court erred in dismissing Adecco, the Plan administrator.  Plaintiff did not appeal the dismissal of her ERISA claim against Guardian.  Nevertheless, Guardian participated in the appeal, arguing that the judgments in Guardian's favor precluded recovery by Plaintiff against the Plan.

The court of appeals affirmed in part, reversed in part, and remanded.  *Kirby*, 2004-NMCA-095, ¶ 47, 136 N.M. at 160, 95 P.3d at 1075.  The court determined that the Plan and Guardian were not identical or inseparable in regard to Plaintiff's benefits claim under 29 U.S.C. § 1132(a)(1)(B).  *Id.* at ¶ 26, 136 N.M. at 155, 95 P.3d at 1070.  The court thus held that Plaintiff could sue the Plan for benefits and that the benefits claim was not barred under res judicata or collateral estoppel.  *Id.* at ¶¶ 28-30, 136 N.M. at 155-56, 95 P.3d at 1070-71.  The court

5

explained that it was not persuaded by Guardian's argument that, "due to Guardian's dismissals, a judgment in this case against the Plan would necessarily be unenforceable in any action or proceeding." *Id.* at ¶ 27, 136 N.M. at 155, 95 P.3d at 1070.  The court further concluded that "a judgment against the Plan for past due and future benefits is enforceable only against the Plan as an entity." *Kirby*, 2004-NMCA-095, ¶ 38, 136 N.M. at 158, 95 P.3d at 1073.  The court of appeals, however, rendered "no opinion on whether Plaintiff, were she to obtain a judgment against the Plan, can succeed in some action or proceeding to enforce the judgment.  That will need to be determined at the time Plaintiff attempts to enforce any judgment she may obtain." *Id.* The court therefore left "for another day the issue of whether a judgment against the Plan can ultimately be satisfied in this case." *Id.*  The court denied Plaintiff default or summary judgment against the Plan, and instead, remanded for further proceedings on the merits. *Id.* at ¶ 42, 136 N.M. at 159, 95 P.3d at 1074.

As to Plaintiff's claim against Adecco, the court of appeals held that Adecco was not a proper party, as Adecco's duties and functions under the Plan were ministerial and minimal. *Id.* at ¶ 44-45, 136 N.M. at 159-60, 95 P.3d 1074-75.  The court stated

> Nothing in the Plan indicates in any way that, were there to be a judgment against the Plan on Plaintiff's benefits claim, [Adecco] would be required to act or would have authority or power to act in any manner as administrator or as a fiduciary to carry out the judgment or to see that the judgment was satisfied. . . .[Adecco's] mere existence as sponsor and plan administrator with no control over the administration of the Plan and no authority or discretion in regard to acting on a benefits claim does not assist Plaintiff in advancing toward a judgment for benefits under the Plan.

*Id.* The court thus affirmed the district court's dismissal of Plaintiff's third amended complaint against Adecco. *Id.* at ¶ 47, 136 N.M. at 160, 95 P.3d at 1075.

6

Following remand of the case, on November 16, 2004, the Honorable William P. Lynch, state district judge for the Fifth Judicial District, entered a Judgment in favor of Plaintiff.  Mem. of Pl. Kirby in Opp. to Mot. of Guardian Life for Dismissal (Doc. No. 12) ("Pl.'s Mem. in Opp. to Guardian"), Ex. 5.  Judge Lynch determined, after reviewing the administrative record, motions, briefs, and arguments of the parties, that Plaintiff met the definition of disability under the Plan and that the denial of disability benefits to Plaintiff was arbitrary, capricious, and without support in the record.  *Id.*, Ex. 5 at 1-2.  Judge Lynch therefore ordered the Plan to pay Plaintiff "long-term disability benefits at the rate of $2,195.60 per month for the period May 14, 1997 to the present", including interest on past due benefits.  *Id.*, Ex. 5 at 2.  The court also ordered the Plan to reinstate monthly benefits to Plaintiff.  *Id.*  Despite the entry of the state court judgment, neither Guardian or Adecco have paid Plaintiff benefits on behalf of the Plan.

C.      **Procedural History in Federal Court**

On April 8, 2005, Plaintiff filed a complaint in this Court for ERISA benefits against only the Plan.  (Doc. No. 1).  On July 21, 2005, Plaintiff filed an amended complaint adding Adecco and Guardian as defendants and adding claims.  (Doc. No. 3).  The amended complaint contains four counts:  (1) failure of all Defendants to pay benefits to Plaintiff under the terms of the ERISA plan and according to the judgment issued by the state district court, in violation of 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty against Adecco in violation of 29 U.S.C. § 1132(a)(3) and liability against Adecco for Guardian's breach of fiduciary duty under 29 U.S.C. § 1105(a); (3) breach of fiduciary duty against Guardian for failing to pay Plaintiff benefits to which she is entitled under the Plan and under the state court judgment in violation of 29 U.S.C. § 1104(a)(1)(A) and request for equitable relief; and (4) claim for attorney's fees against all

7

Defendants under 29 U.S.C. § 1132(g).

On October 13, 2005, Adecco filed a Motion for Judgment on the Pleadings (Doc. No. 16).  In its memorandum supporting its motion, Adecco argued the following:  (1) Plaintiff's claims are barred by res judicata or collateral estoppel; (2) Adecco cannot be liable for choosing Guardian as the insurer because the claim is barred by the statute of limitations and an employer cannot be held liable for breach of fiduciary duty in establishing a plan; (3) Adecco has no duty or authority to assist Plaintiff in enforcing her judgment; (4) Plaintiff is impermissibly recasting her benefits claim as a breach of fiduciary duty claim; and (5) Adecco is not a fiduciary under ERISA. *See* Adecco's Mem. in Supp. of Mot. for J. on the Pleadings (Doc. No. 19) ("Adecco's Mem."). On November 15, 2005, Plaintiff filed a response to Adecco's motion (Doc. No. 21) ("Pl.'s Resp."), and on December 13, 2005, Adecco filed a reply in support of its motion (Doc. No. 22) ("Adecco's Reply").

II.     **Standard**

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).   The Court may not dismiss a cause of action under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief.  *See, e.g., H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v.*

*United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).  A motion to dismiss based on preclusion doctrines is similarly analyzed under the same standard as a Rule 12(b)(6) motion to dismiss where the application of the doctrines turns on information contained in the complaint.  *Nichols v. Danley*, 266 F.Supp.2d 1310, 1312 (D.N.M. 2003).  Furthermore, a Rule 12(c) motion for judgment on the pleadings is treated as a motion to dismiss under Rule 12(b)(6).  *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).

III.   **Discussion**

   A.   **Res Judicata**

   "Claim preclusion bars litigation of claims that were or could have been advanced in an earlier proceeding."  *State ex rel. Martinez v. Kerr-McGee Corp.*, 120 N.M. 118, 121, 898 P.2d 1256, 1259 (Ct. App. 1995).  According to the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to a state-court judgment that the courts of the state in which the judgment was rendered would give the judgment.  *Jiron v. City of Lakewood*, 392 F.3d 410, 415-16 (10th Cir. 2004).  Under New Mexico law, res judicata bars re-litigation of a claim when four elements are met:  (1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) same cause of action, and (4) same subject matter.  *Three Rivers Land Co., Inc. v. Maddoux*, 98 N.M. 690, 694, 652 P.2d 240, 244 (1982), *overruled on other grounds by Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467 (1986); *Wolford v. Lasater*, 1999-NMCA-024, ¶ 5, 126 N.M. 614, 973 P.2d 866.  "Additionally, the parties must have had a full and fair opportunity to litigate issues arising from the claim, and there must have been a final decision on the merits."  *Wolford*, 1999-NMCA-024,

¶ 5, 126 N.M. 614, 973 P.2d 866.  The party asserting res judicata has the burden to show with

clarity and certainty that the res judicata elements are satisfied.  *Nichols*, 266 F.Supp.2d at 1312-

13 (citing *Kerr-McGee*, 120 N.M. at 122, 898 P.2d at 1260).  *See also Bank of Santa Fe v.*

*Marcy Plaza Assoc.*, 2002-NMCA-014, ¶ 14, 131 N.M. 537, 540, 40 P.3d 442, 445 (noting that

party seeking to bar claims has burden of establishing res judicata).

New Mexico adopted the Restatement of Judgments §§ 24 and 25 in defining the

dimensions of a claim for res judicata purposes.  *Three Rivers*, 98 N.M. at 695, 652 P.2d at 245.

When a judgment entered in a case extinguishes the plaintiff's claim, "the claim extinguished

includes all rights of the plaintiff to remedies against the defendant with respect to all or any part

of the transaction, or series of connected transactions, out of which the action arose."  *Id.*

(quoting Restatement of Judgments § 24).  What constitutes a transaction or a series of

transactions is determined pragmatically by giving weight to certain factors such as whether the

facts are related in time, space, origins, or motivation, whether they form a convenient trial unit,

and whether their treatment as a unit conforms to the parties' expectations or business

understanding or usage.  *Id.*  A mere change in legal theories or the seeking of new remedies does

not create a new cause of action.  *Id.*

Res judicata does not apply, however, where a plaintiff could not seek a certain relief or

rely on a certain legal theory in the first action because the first court lacked subject matter

jurisdiction over the claim.  *Kerr-McGee*, 120 N.M. at 122, 898 P.2d at 1260.  *See also Marrese*

*v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985) ("If state preclusion

law includes this requirement of prior jurisdictional competency, which is generally true, a state

judgment will *not* have claim preclusive effect on a cause of action within the exclusive

jurisdiction of the federal courts.") (original emphasis); *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1412 (10th Cir. 1997) ("If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground . . . then a second action in a competent court presenting the omitted theory or ground should be held not precluded.") (quoting Restatement (Second) of Judgments § 25, Comment e).

In this case, Adecco asserts that res judicata bars Count I of Plaintiff's amended complaint. Adecco contends that the subject matter in Count I is a request for benefits under 29 U.S.C. § 1132(a)(1)(B), which was the same cause of action and subject matter as that in the state court case wherein Adecco was dismissed as a party. Plaintiff, on the other hand, argues that res judicata does not apply because (1) the state court did not have jurisdiction over Plaintiff's claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), and (2) Plaintiff's current claims arose subsequent to the state court case when Guardian and Adecco refused to honor the state court judgment. Based on Plaintiff's arguments, it does not appear that Plaintiff is contesting that the first two res judicata elements – identity of parties and identity of capacity -- are satisfied. Rather, Plaintiff's argument seems to be that the third and fourth elements of res judicata -- same cause of action and same subject matter -- have not been satisfied. The Court will address each of Plaintiff's arguments in turn.

1.    **State court jurisdiction over ERISA claims alleged in Counts I and II**

Section 1132(e)(1) of ERISA provides:  "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter."  29 U.S.C. § 1132(e)(1).  Section 1132(e)(1) further states that state

courts only have concurrent jurisdiction over actions brought under § 1132(a)(1)(B) and §1132(a)(7).  Section 1132(a)(1)(B), the relevant section at issue here, provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[3]

Plaintiff has alleged four claims against Adecco:  (1) failure to pay long-term disability benefits to Plaintiff under the terms of the Plan in violation of § 1132(a)(1)(B) (Count I.A.); (2) failure to pay benefits awarded to Plaintiff by the judgment of the state court in violation of § 1132(a)(1)(B) (Count I.B.); (3) breach of its fiduciary duty under § 1132(a)(3) to select an insurance carrier that would meets its obligations under the Plan (Count II.A.); and (4) breach of its fiduciary duty under § 1132(a)(3) and breach of its co-fiduciary duty under 29 U.S.C. § 1105(a) for failing to cause Guardian to pay benefits to which Plaintiff is entitled under the state court judgment (Count II.B.).  As for Plaintiff's breach of fiduciary duty claims in Count II, Adecco does not argue that res judicata bars these claims.  Adecco's res judicata argument appears confined to Count I of Plaintiff's amended complaint.  *See* Adecco's Mem. at 7.  In any event, res judicata certainly would not apply to Count II of Plaintiff's amended complaint.  State courts do not have jurisdiction over valid claims brought under § 1132(a)(3), because § 1132(e) grants federal courts exclusive jurisdiction over such claims.  *See Kramer v. Smith Barne*y, 80 F.3d 1080, 1085 (5th Cir. 1996) (noting that federal district courts have exclusive jurisdiction over actions to enforce fiduciary obligations under ERISA).  Thus, because the state court did not

---

[3]Section 1132(a)(7) involves enforcement of a qualified medical child support order, which is not at issue here.

have jurisdiction over Plaintiff's claims in Count II, res judicata does not bar the Count II claims.

In contrast to Plaintiff's breach of fiduciary duty claims, Plaintiff's claims for plan benefits in Counts I.A. and I.B. are claims Plaintiff explicitly brought under 29 U.S.C. § 1132(a)(1)(B), the subsection over which state courts have concurrent jurisdiction. The doctrine of res judicata can therefore bar these claims so long as the claim preclusion elements are met. The Court must therefore determine whether Adecco has met its burden of demonstrating that res judicata bars the claims in Count I.

2. <strong>Res judicata analysis</strong>

a. <strong>Count I.A.</strong>

Plaintiff's first amended complaint filed in state court against Defendants Guardian and Adecco alleged various state claims arising out of their "failing to approve and pay benefits as provided under the" Plan. *See* Def. Guardian's Mem. Br. in Supp. of Def. Guardian Life Ins. Co. of America's Mot. to Dismiss (Doc. No. 7) ("Guardian's Mem."), Ex. E at 4 (Amended Complaint to Recover Damages for Insurance Bad Faith). Plaintiff's third amended complaint filed in state court against the Plan, Adecco, and Guardian alleged a sole claim under 29 U.S.C. § 1132(a)(1)(B) for wrongful denial of benefits in breach of the terms of the benefits Plan. *See Kirby*, 2004-NMCA-095, ¶ 6, 136 N.M. at 149-50, 95 P.3d at 1064-65; Guardian's Mem., Ex. F (Third Amended Complaint for Group Insurance Benefits). In this case, Plaintiff alleges in Count I.A. that Adecco failed to pay disability benefits to Plaintiff under the terms of the ERISA Plan, in violation of 29 U.S.C. § 1132(a)(1)(B). Amended Compl., ¶ 18.

To the extent that Plaintiff's claim in Count I.A. is a claim for denial of benefits based on Adecco's role in the initial refusal to pay Plan benefits, the claim is barred by res judicata, as it

13

originated at the same time, is the same cause of action, and arises from the same subject matter
as the state court action.  The facts giving rise to both such claims relate to whether Plaintiff met
the definition of disability under the terms of the Plan and whether the denial of disability benefits
to Plaintiff was arbitrary, capricious, and without support in the record.  Adecco has
demonstrated that the two contested elements of res judicata are met as to such a claim.
Therefore, to the extent Count I.A. is a claim for denial of benefits based on Adecco's role in the
original refusal to pay Plan benefits to Plaintiff, such a claim must be dismissed as barred by res
judicata.

       This Court, however, also construes Plaintiff's claim in Count I.A. as a claim for the denial
of benefits based on Adecco's refusal to pay benefits after the state court determined that Plaintiff
was eligible for benefits under the terms of the Plan.  At the time the state court determined that
Plaintiff was entitled to long-term disability benefits under the Plan, Adecco became aware that
Plaintiff was a beneficiary of the Plan and was entitled to recover benefits.  Adecco's failure to
pay benefits after the state court's determination that Plaintiff was a beneficiary under the terms of
the Plan is a new cause of action because it is based on a new breach of the terms of the Plan.
This new cause of action originated at a different time and based on a new set of facts:  that
Plaintiff has been judicially determined eligible for benefits and that the Plan, Guardian, and
Adecco are ignoring the judgment ordering the payment of Plaintiff's benefits.  The current claim
does not involve the subject matter considered by the state court – whether Plaintiff is disabled
under the terms of the Plan.  Rather, the subject matter before this Court is whether Adecco must
pay Plan benefits awarded to Plaintiff against the Plan where the terms of the Plan allegedly
require such payment.  This latter claim involves the terms of the Plan that deal with who has the

responsibility for payment of Plan benefits rather than the terms that concern Plaintiff's

qualification for disability.  Because the claim in Count I.A. originates at a different time and is

based on different facts from the state court suit, Plaintiff's claim for denial of benefits under the

terms of the Plan post-judgment is not the same cause of action or subject matter as that litigated

in the state court.  Additionally, the parties did not have a full and fair opportunity to litigate this

cause of action in state court, as it arose only after a judgment was entered.[4]  Accordingly, res

judicata does not bar Plaintiff's claim in Count I.A.

b.    **Count I.B.**

For the same reasons, the Court concludes that Count I.B. is not barred by res judicata.

Count I.B. is expressly based on Adecco's failure to pay benefits awarded to Plaintiff against the

Plan by the state court *judgment*.  This cause of action thus arose only after the state court

judgment was entered.  Like the claim in Count I.A. for the denial of benefits based on Adecco's

refusal to pay benefits after the state court entered its judgment, Count I.B. arises at a different

time and from a different set of facts from the underlying state court claim.  Count I.B. thus

involves a different cause of action and different subject matter from the state court suit;

therefore, res judicata does not preclude Plaintiff's claim in Count I.B.

B.    **Merits of Counts I.A. and I.B.**

Although the Court has concluded that res judicata does not bar Plaintiff's claims in

Counts I.A. and I.B., both Plaintiff's claims nevertheless must be dismissed against Adecco for

failure to state viable causes of action.

---

[4]The New Mexico Court of Appeals in *Kirby* expressly left "for another the day the issue
of whether a judgment against the Plan can ultimately be satisfied in this case."  2004-NMCA-
095, ¶ 38, 136 N.M. at 158, 95 P.3d at 1073.

15

Plaintiff alleges in Count I.B. that the "failure of Defendants to pay benefits awarded to Plaintiff by the judgment of the Fifth Judicial District Court constitutes a separate violation of 29 U.S.C. § 1132(a)(1)(B)."  Amended Compl., ¶ 19.  Although Plaintiff's claim in Count I.A. is based on the terms of the plan, Plaintiff herself describes both her claims in Count I as "for the obligations created by the state court's judgment and order."  Pl.'s Mem. in Opp. to Guardian (Doc. No. 12) at 11.  Plaintiff states that her "present (a)(1)(B) claim is a claim about payment." *Id.* at 14.  Based on Plaintiff's own descriptions and allegations, the Court interprets Plaintiff's causes of action in both Counts I.A. and I.B. as direct claims for enforcement of the state court judgment.

Enforcement of a state court judgment, however, is not a valid cause of action under § 1132(a)(1)(B).  Section 1132(a)(1)(B) provides that a civil action may be brought "to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*."  29 U.S.C. § 1132(a)(1)(B) (emphasis added).  According to the plain language of this section, the section only authorizes civil actions based on the terms of the plan.  It does not authorize suits to enforce rights under a state court judgment or to recover payment due under a judgment.  *See Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 832-33 (1988).

In *Mackey*, the Supreme Court considered whether Congress, in enacting ERISA, intended to preempt state-law garnishment of an ERISA welfare benefit plan.  *Id.* at 827.  In holding that state-law collection methods, including garnishment, remained undisturbed by ERISA, the Court noted that "ERISA does not provide an enforcement mechanism for collecting judgments" won in causes of action for benefits or to enforce a participant's rights under a plan.

16

*Id.* at 833.  The Court explained that, while 29 U.S.C. § 1132(d) "contemplates execution of judgments won against plans in civil actions, it does not provide mechanisms to do so."  *Id.* "Consequently, state-law methods for collecting money judgments must, as a general matter, remain undisturbed by ERISA; otherwise, there would be no way to enforce such a judgment won against an ERISA plan."  *Id.* at 834.  Although the Supreme Court stated that it was clear that money judgments won in state court against ERISA plans are collectable, the Court nonetheless held that ERISA does not provide the enforcement mechanism for collecting judgments.  *Id.* at 833-34.  The *Mackey* Court's reasoning supports this Court's interpretation of § 1132(a)(1)(B) as not providing a cause of action to enforce a state court judgment awarding benefits.  Moreover, this interpretation is in keeping with the Supreme Court's explicit reluctance to extend remedies not specifically authorized by the text of the ERISA statute.  *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002).

Accordingly, based on the plain language of section 1132(a)(1)(B) and the Supreme Court's reasoning in *Mackey*, the Court finds that 29 U.S.C. § 1132(a)(1)(B) does not provide a separate cause of action based on the failure of Adecco to pay benefits awarded to Plaintiff by the state court judgment.  As Count I.B. is explicitly brought to enforce the judgment, that claim must be dismissed for failure to state a claim.  Plaintiff's claim in Count I.A. fares no better, even though Plaintiff attempts to frame that claim as involving the terms of the Plan that relate to who is responsible for payment, rather than the terms of the judgment itself.  Despite Plaintiff's attempts to distinguish Count I.A. from Count I.B., both counts hinge on the issue of whether Plaintiff can get to the pockets of Adecco, the Plan sponsor and administrator, through a judgment against the Plan.  This issue is fundamentally and inescapably about how to collect and

17

enforce the judgment.  As *Mackey* held, this issue can only be resolved by the state court in proceedings to enforce its own judgment.  Therefore, although the terms of the Plan related to whether Adecco should pay benefits on behalf of the Plan will be at issue, it is a collection and enforcement issue that only the state court can resolve.  An action to recover the benefits awarded by the state court judgment is simply not provided for in § 1132(a)(1)(B).  Plaintiff's claims in Counts I.A. and I.B. therefore must be dismissed for failure to state valid causes of action.

C.    **Collateral Estoppel**

Adecco next argues that Plaintiff's breach of fiduciary duty claims should be dismissed as barred by collateral estoppel.  Plaintiff does not address in her response whether or not the elements of collateral estoppel have been met.  Rather, Plaintiff contends that the state court's determinations as to Adecco's limited discretionary authority do not bind this Court because the state court did not have jurisdiction over ERISA claims for breach of fiduciary duty.  Plaintiff also asserts that ERISA preempts any statement by the state court that would purport to bind the Court on any issue involving Plaintiff's breach of fiduciary duty claim.

28 U.S.C. § 1738 provides that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State. . . ."  This statute encompasses both the doctrines of res judicata and collateral estoppel.  *San Remo Hotel, L.P. v. City and County of San Francisco*, __ U.S. __, 125 S.Ct. 2491, 2500 (2005).  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Id.* at 2500 n.16 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  Where a state court previously litigated and resolved an

18

issue, federal courts must look to the law of the state to determine whether issue preclusion is proper.  *See Salguero v. City of Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004) (looking to New Mexico law to determine whether issue preclusion was proper for decision of state administrative body).

Under New Mexico law, collateral estoppel "applies to prevent the relitigation, as between the parties, of ultimate facts or issues actually and necessarily decided by the prior suit."  *Torres v. Village of Capitan*, 92 N.M. 64, 68, 582 P.2d 1277, 1281 (1978).  The party invoking the doctrine of collateral estoppel must establish the existence of four elements:  (1) the parties are the same or in privity with the parties in the original action; (2) the subject matter or cause of action in the two suits are different; (3) the ultimate facts or issues were actually litigated in the prior adjudication; and (4) the issue was necessarily determined in the prior litigation.  *Shovelin v. Central New Mexico Elec. Co-op., Inc.*, 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993); *Reeves v. Wimberly*, 107 N.M. 231, 233, 755 P.2d 75, 78 (Ct. App. 1988).  If the party invoking the doctrine has met these prima facie elements, then the burden shifts to the party opposing collateral estoppel to show that he or she was not afforded a full and fair opportunity to litigate the issue in the prior proceeding.  *Padilla v. Intel Corp.*, 1998-NMCA-125, ¶ 9, 125 N.M. 698, 701, 964 P.2d 862, 865.

Instead of addressing the elements of collateral estoppel, Plaintiff contends that the state court's determinations as to Adecco's limited discretionary authority do not bind this Court because the state court did not have jurisdiction over ERISA claims for breach of fiduciary duty. This Court disagrees.  The state court's limited jurisdiction as to a particular *claim* does not negate the collateral estoppel effect of any findings as to ultimate *facts* or *issues* over which the

state court did have jurisdiction to decide.  The issue of jurisdictional competence applies only to the doctrine of res judicata, not collateral estoppel.  *See B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 439 F.3d 653, 661-62 (10th Cir. 2006) (explaining that jurisdictional competence applies to doctrine of res judicata and whether particular claim could be raised; declining to apply jurisdictional competence bar to doctrine of collateral estoppel).  In this case, the state court had jurisdiction over the denial of benefits claim.  Plaintiff raised the issue of the scope of Adecco's discretion and its status as co-fiduciary in litigating her denial of benefits claim.  *Kirby*, 2004-NMCA-095, ¶ 43-45, 136 N.M. at 159-60, 95 P.3d at 1074-75.  Plaintiff also litigated Guardian's role in administering the Plan as well as the structure of the Plan itself in supporting her claim for denial of benefits.  *Id.* at ¶ 17-22, 136 N.M. at 152-53, 95 P.3d at 1067-68.  The state court thus had jurisdiction to consider those factual and legal issues.  The fact that the issues are also implicated in a claim over which the state court does not have jurisdiction does not alter the validity of its determination of those underlying issues.  For this reason, the fact that the state court did not have jurisdiction over Plaintiff's breach of fiduciary duty claims does not affect the application of the doctrine of collateral estoppel to issues that the state court necessarily decided in the prior litigation.  Plaintiff has not cited any cases that apply the jurisdictional competence limitation to the doctrine of collateral estoppel.  This Court refuses to expand the limitation to the doctrine of collateral estoppel in the absence of such authority.

Plaintiff further contends that ERISA preempts any statement by the state court that would bind the Court as to Plaintiff's breach of fiduciary duty claims.  Plaintiff relies on the ERISA preemption subsection that defines "State law" as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."  29 U.S.C. § 1144(c)(1).

The fact that ERISA preempts other state *laws* does not mean that ERISA thereby preempts a state court's determination of an *issue* or *fact* over which the state court had jurisdiction. Again, Plaintiff cites no relevant authority that supports this proposition. The Court thus concludes that the state court's determination of issues as to Adecco can have collateral estoppel effect on Plaintiff's breach of fiduciary duty claims, if the collateral estoppel elements are met.

The Court determines that Adecco has established the existence of each of the collateral estoppel elements. First, both Plaintiff and Adecco were parties in the state court action. Second, the current claim for breach of fiduciary duty for failing to assist Plaintiff in obtaining the benefits awarded by the state court judgment is a different subject matter from the state court action, as the current claim arose only after the entry of the state court judgment. *See Torres*, 92 N.M. at 68, 582 P.2d at 1281 (holding that subject matter of suits differed because involved two different attempts to annex same land and cause of action of suits differed because each sought review of validity of different annexation attempts). The cause of action is different, as the state court suit was for a denial of benefits under § 1132(a)(1)(B) while Plaintiff's breach of fiduciary duty claim is under § 1132(a)(3), a claim over which the state court lacked jurisdiction. Similarly, Plaintiff's breach of fiduciary duty claim for failure to select a proper insurer is a claim brought under § 1132(a)(3), which is a separate cause of action and different subject matter than that litigated in the state court suit. Third, Plaintiff raised and argued the issue as to Adecco's discretionary authority and capacity as a co-fiduciary at oral argument before the New Mexico Court of Appeals. *See Kirby*, 2004-NMCA-095, ¶ 43, 136 N.M. at 159, 95 P.3d at 1074. Plaintiff also raised and argued factual issues related to the nature and structure of the Plan as well as the terms of the Plan itself. *Id.* at ¶ 17-22, 136 N.M. at 152-53, 95 P.3d at 1067-68. These issues were

21

therefore actually litigated in the prior state court case.  Finally, these issues were necessarily

decided in the state court's efforts to determine whether Adecco could be held liable for benefits

and whether the Plan could be sued as a separate entity.  Adecco has thus demonstrated that all

the prima facie elements for collateral estoppel have been satisfied.

The factual determinations made by the *Kirby* court concerning the terms of the Plan and

the structure of the Plan are therefore binding on the Court.  The *Kirby* court stated that the Plan

defined "Plan" as "the Guardian group plan purchased by the employer."  *Id.* at ¶ 18, 136 N.M. at

152, 95 P.3d at 1067.  Moreover, the *Kirby* court explained the structure of the Plan as follows:

> Under the policy and the Plan, a claim with respect to long-term disability plan
> benefits is made through a "Claims Procedure" pursuant to which the "Plan
> Administrator" furnishes a claim form to the claimant and submits the completed
> form to Guardian.  Guardian is named as "the Claims Fiduciary with discretionary
> authority to determine eligibility for benefits and to construe the terms of the plan
> with respect to claims."  If Guardian denies the claim, Guardian provides to the
> Plan Administrator, for delivery to the claimant, a notice setting forth specific
> information relating to the denial.

*Id.* at ¶ 20, 136 N.M. at 153, 95 P.3d at 1068.  Based on the terms of the Plan, the *Kirby* court

determined that Guardian had discretionary authority to administer and interpret the plan.  *Id.* at

¶¶ 22 & 38, 136 N.M. at 153, 158, 95 P.3d at 1068, 1073.

In addition, the following determination by the New Mexico Court of Appeals in *Kirby* is

binding on this Court:

> Although the sponsor and administrator of the Plan, [Adecco's] duties and
> functions under the Plan were ministerial and minimal.  [Adecco] had no duties or
> obligations or discretionary authority in regard to making a determination whether
> beneficiaries or participants were entitled to benefits.  Nothing in the Plan indicates
> in any way that, were there to be a judgment against the Plan on Plaintiff's benefits
> claim, [Adecco] would be required to act or would have authority or power to act
> in any manner as administrator or as a fiduciary to carry out the judgment or to see
> that the judgment was satisfied.

> We do not find under the ERISA definition of fiduciary, *see* § 1002(21)(A), or under the language of the Plan, anything that would bring [Adecco] within the concept of fiduciary or co-fiduciary. . . . [W]e fail to see how [Adecco] could be a proper party. [Adecco's] mere existence as sponsor and plan administrator with no control over the administration of the Plan and no authority or discretion in regard to acting on a benefits claim does not assist Plaintiff in advancing toward a judgment for benefits under the Plan.

*Id.* at ¶ 44-45, 136 N.M. at 159-60, 95 P.3d at 1074-75.

The Court must next address how the application of collateral estoppel to these issues affects each of Plaintiff's claims for breach of fiduciary duty.

1.    **Collateral estoppel bars fiduciary breach claim in Count II.A. for failure to select proper insurer**

In Count II.A. of Plaintiff's amended complaint, Plaintiff alleges that "Adecco, directly and as successor to TAD, failed to select an insurance carrier that would meet its obligations under the Plan." Amended Compl. at ¶ 21. Plaintiff asserts that Adecco, in failing to select an appropriate insurer, breached its fiduciary duties under ERISA to act for the exclusive purpose of providing benefits to participants and defraying reasonable costs of administration, to administer the Plan according to its terms, and to act with loyalty and prudence. *Id.* at ¶ 22.

Under ERISA, a person is a "fiduciary" only when performing certain functions. *Abbott v. Pipefitters Local Union No. 522 Hospital, Medical, and Life Benefit Plan*, 94 F.3d 236, 239 (6th Cir. 1996). "A fiduciary's functions do not include plan adoption, amendment, design or termination." *Id.* Thus, "an employer or plan sponsor does not act in a fiduciary capacity when adopting, modifying or terminating a welfare benefit plan." *Id. See also Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) ("Plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries."); *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)

("Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans."). "[A]n employer may draft a benefits plan any way it wishes; it does not act as a fiduciary when it sets the terms of the plan." *Jones v. Kodak Medical Assistance Plan*, 169 F.3d 1287, 1292 (10th Cir. 1999). *See also Averhart v. U.S. WEST Management Pension Plan*, 46 F.3d 1480, 1488 (10th Cir. 1994) (holding that selective provision of benefits under amendment was matter of plan design not subject to ERISA's fiduciary standards). As the Tenth Circuit in *Averhart* explained:

> An employer can wear two hats:  one as a fiduciary administering a pension plan and the other as the drafter of a plan's terms.  Therefore, because the functions are distinct, *an employer does not act as a fiduciary when it amends or otherwise sets the terms of a plan*. . . . Because the defendants here were not acting as fiduciaries when they amended the plan, they breached no fiduciary duties allegedly owed . . . when they altered the plan's eligibility requirements.

*Id.* (original emphasis) (quoting *McGath v. Auto-Body North Shore, Inc.*, 7 F.3d 665, 670-71 (7th Cir. 1993)).

In this case, the selection of Guardian as the insurer was inherent in and part of the design of the long-term disability plan.  Adecco selected the insurance plan through Guardian, the insurer.  The terms of the Plan itself define the "Plan" as "the Guardian group plan purchased by the employer." *Kirby*, 2004-NMCA-095, ¶ 18, 136 N.M. at 152, 95 P.3d at 1067. *See also* Pl.'s Mem. in Opp. to Guardian (Doc. No. 12), Ex. 8 at 4; Adecco's Reply, Ex. B at 2, 7, 12. Moreover, the Plan described Guardian as the "Claims Fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims." *Kirby*, 2004-NMCA-095, ¶ 20, 136 N.M. at 153, 95 P.3d at 1068. *See also* Pl.'s Mem. in Opp. to Guardian, Ex. 8 at 2; Adecco's Reply, Ex. B at 14.  The Plan also set forth the claims

procedures and Guardian's role in that process.  *See Kirby*, 2004-NMCA-095, ¶ 20, 136 N.M. at 153, 95 P.3d at 1068.  Thus, when Adecco selected Guardian as the insurer and Claims fiduciary, it did so as part of its adoption and design of the Plan and in setting the terms of the Plan.  The case law is clear that an employer does not act as a fiduciary when adopting, designing, or setting the terms of a Plan.  Plaintiff, therefore, cannot state cause of action for breach of fiduciary duty based on Adecco's failure to select an insurance carrier that would meet its obligations under the Plan because Adecco was not acting as a fiduciary in selecting Guardian as the insurer/Claims Fiduciary.  Count II.A. of Plaintiff's complaint must thus be dismissed for failure to state a claim.[5]

> ### 2. Collateral estoppel bars breach of fiduciary duty claim in Count II.B. for failing to cause Guardian to pay benefits awarded by the state court judgment

The New Mexico Court of Appeals' conclusion that Adecco's duties and functions under the Plan were ministerial and minimal and that Adecco had no control over administration of the Plan precludes Plaintiff from succeeding on her breach of fiduciary duty claim in Count II.B. against Adecco.  As noted above, a person is a "fiduciary" only when performing certain functions.  *Abbott*, 94 F.3d at 239.  As relevant here, a person is a fiduciary with respect to a plan to the extent the person "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets" or to the extent the person "has any discretionary authority or discretionary responsibility in the administration of such plan."  29 U.S.C. § 1002(21)(A).  The state court of appeals determined that Adecco had no discretionary authority or obligations under

---

[5]Because this Court finds that Plaintiff cannot state a claim against Adecco for breach of fiduciary duty in selecting Guardian as an insurer, this Court need not reach Adecco's statute of limitations argument.

the Plan to decide a participant's eligibility for benefits and that Adecco had no authority or power to carry out the judgment or to see that the judgment was satisfied. The *Kirby* court therefore concluded that Adecco, contrary to Plaintiff's argument, was not a fiduciary or co-fiduciary within the meaning of ERISA. These factual findings preclude Adecco from recovering under its claim for breach of fiduciary duty in failing to cause Guardian to pay benefits awarded under the judgment, because Adecco is not a fiduciary within the meaning of ERISA and does not have power "to see that the judgment was satisfied." *Kirby*, 2004-NMCA-095, ¶ 44-45, 136 N.M. at 159-60, 95 P.3d at 1074-75.

Plaintiff nonetheless argues that Adecco's "position of plan administrator, by its very nature, confers fiduciary status." Pl.'s Resp. at 10. The Court disagrees. The *Kirby* court acknowledged that Adecco was the Plan sponsor and called Adecco the Plan administrator. Nevertheless, the court of appeals determined that Adecco had no discretionary authority to act on benefits claims and merely had ministerial duties in regard to claims forms. Although the court may have nominally described Adecco as the Plan administrator, the court of appeals nonetheless determined that Adecco had none of the discretionary authority associated with fiduciary status and that Adecco had "no control over the administration of the Plan." *Kirby*, 2004-NMCA-095, ¶ 45, 136 N.M. at 160, 95 P.3d at 1075. It is a person's discretionary authority and control over a plan that confers fiduciary status, not merely the fact that a person is called the plan administrator. *See* 29 U.S.C. § 1002(21)(A); *Hunter v. Metropolitan Life Ins. Co.*, 251 F.Supp.2d 107, 112-13 (D.D.C. 2003) (plan administrator and sponsor not liable as fiduciary for insurer's denial of plaintiff's benefits where insurer, and not plan administrator, had discretionary authority to determine claimant's entitlement to benefits). 29 C.F.R. § 2509.75-8, Q & A D-3, is

26

not to the contrary.  That section states that a plan administrator or trustee must, by nature of the

position, have discretionary authority or responsibility in the administration of a plan within the

meaning of § 1002(21)(A)(iii).  That section, however, ties the meaning of plan administrator to a

person that has discretionary authority over plan administration.  Such is not the case here.  The

court of appeals, although finding that Adecco was nominally the plan administrator, also found

that Adecco had none of the discretionary authority and responsibility for plan administration.

Rather, under the Plan, Guardian was designated the Claims Fiduciary with discretionary authority

for Plan administration.  *Kirby*, 2004-NMCA-095, ¶ 20, 136 N.M. at 153, 95 P.3d at 1068.

Where, as here, the Plan sponsor and Plan "administrator" is without actual discretionary

authority over plan management or administration, and the Plan has designated the insurer as the

Claims Fiduciary with discretionary authority over benefits claims, the Plan "administrator" is not

a fiduciary under ERISA and cannot be liable for the insurer's acts in denying a benefits claim and

in failing to pay benefits awarded under a judgment.  *See* 29 U.S.C. § 1002(21)(A); 29 U.S.C.

§ 1105(c); *Hunter*, 251 F.Supp.2d at 112-13.  *See also Kirby*, 2004-NMCA-095, ¶ 45, 136 N.M.

at 160, 95 P.3d at 1075 ("[Adecco's] mere existence as sponsor and plan administrator with no

control over the administration of the Plan and no authority or discretion in regard to acting on a

benefits claim does not assist Plaintiff in advancing toward a judgment for benefits under the

Plan.").

  The court of appeals' determination in *Kirby* also precludes a finding that Adecco can be

liable as a co-fiduciary.  29 U.S.C. § 1105(a) provides:  "[A] *fiduciary* with respect to a plan shall

be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan .

. . if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts

under the circumstances to remedy the breach."  (Emphasis added).  Under the language of this section, only a *fiduciary* can be liable for breach of duty by a co-fiduciary.  Adecco's lack of discretionary authority over plan administration, as determined by the New Mexico Court of Appeals in *Kirby*, is fatal both to Plaintiff's fiduciary duty claim and to her co-fiduciary duty claim.  *See Kirby*, 2004-NMCA-095, ¶ 45, 136 N.M. at 159, 95 P.3d at 1074 ("We do not find under the ERISA definition of fiduciary, *see* § 1002(21)(A), or under the language of the Plan, anything that would bring [Adecco] within the concept of fiduciary or co-fiduciary.").

In sum, because the *Kirby* court determined that Adecco had no discretionary authority over plan administration and no authority to carry out a judgment for benefits or see that a judgment was satisfied, Plaintiff cannot show that Adecco was a fiduciary or co-fiduciary under ERISA.  Plaintiff's claims in Count II.B. therefore must be dismissed for failure to state a claim.

D. **Attorney's Fees**

In its motion, Adecco requests that all claims against it be dismissed.  Adecco did not, however, specifically address the merits of Count IV of Plaintiff's amended complaint.  Count IV alleges a claim for attorney's fees.  Plaintiff claims she is entitled to payment of her reasonable attorney's fees under 29 U.S.C. § 1132(g) and that she is entitled to payment of her attorney's fees awarded by the state court judgment.  Although Adecco did not specifically address Plaintiff's claim for attorney's fees, the dismissal of the substantive causes of action against Adecco necessarily precipitate the dismissal of Count IV as well.

As discussed above, ERISA does not provide a separate cause of action to enforce a state court judgment.  Therefore, Plaintiff's attempts to enforce payment of the attorney's fees awarded by the state court judgment is not a separate cause of action that can be litigated in this Court.

28

Plaintiff also cannot recover on her claim for attorney's fees under § 1132(g), given that the Court has dismissed Plaintiff's substantive claims in Counts I and II for failure to state valid causes of action.  ERISA provides that a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  When determining whether to award fees under § 1132(g)(1), a court should consider the following factors among others:  (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.  *Gordon v. U.S. Steel Corp.*, 724 F.2d 106, 109 (10th Cir. 1983).  This Court has determined that Plaintiff's claims against Adecco should be dismissed.  Adecco thus did not act in bad faith in not paying Plaintiff benefits and this Court finds no need to deter others from acting the same way under similar circumstances.  The *Gordon* factors thus do not weigh in Plaintiff's favor.  Consequently, Count IV of Plaintiff's complaint should also be dismissed.

IT IS THEREFORE ORDERED that Defendant Adecco's Motion for Judgment on the Pleadings (Doc. No. 16) is GRANTED in its entirety and that all claims against Defendant Adecco are DISMISSED WITH PREJUDICE.

_____
United States District Judge