### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF NEW MEXICO

STELLA R. KIRBY,

    Plaintiff,

v.                                            No. Civ. 05-402 WJ/WDS

LONG-TERM DISABILITY PLAN OF
TAD RESOURCES INTERNATIONAL, INC.,
ADECCO USA, INC., and GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA

    Defendants.

### MEMORANDUM OPINION AND ORDER *SUA SPONTE* DISMISSING CLAIMS AGAINST DEFENDANT LONG-TERM DISABILITY PLAN OF TAD RESOURCES INTERNATIONAL, INC.

THIS MATTER comes before the Court *sua sponte* in light of the Court's recent rulings regarding Defendant Guardian Life Insurance Company of America in a Memorandum Opinion and Order filed May 1, 2006 (Doc. 24).

**BACKGROUND**

This is a claim for long-term disability benefits under ERISA and an attempt to enforce a state court judgment determining Plaintiff's eligibility for ERISA benefits. The procedural and factual history of this case is complex and is set forth in great detail in this Court's Memorandum Opinion and Order filed May 1, 2006 (Doc. 24), and this Court will not repeat what it has already exhaustively covered.

The record in this case does not indicate that Defendant Long-Term Disability Plan of TAD Resources International, Inc. ("The Plan") has been properly served in this case. Defendant Plan has not filed an Answer. The Court could wait for the Plaintiff to attempt to effect service

on the Plan and wait for the Plan to file an answer or to default.  However, in this case all roads lead to dismissal of Plaintiff's claims.  Even in the event of a default, the Court would have to accept Plaintiff's factual allegations in the Complaint as true, but would ultimately conclude that there are no legal grounds for the claims.  DirecTV v. DeCroce, 332 F.Supp.2d 715, 717 (D.N.J. 2004) ("[e]ven after default [ ] it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law") reversed on other grounds by DIRECTV, Inc. v. Pepe, 431 F.3d 162 (3rd Cir. 2005); see also, Gervais v. O'Connell, Harris & Assoc., Inc., 297 F.Supp.2d 435, 438 (D.Conn. 2003) (by virtue of a defendant's default, a court accepts as true all of the well-pleaded factual allegations in a plaintiff's complaint).  Thus, in the interests of judicial economy, the Court will address the merits of Plaintiff's claims against Defendant Plan.  The Court is able to do this without in-depth analysis because the conclusions the Court reached in its May 1, 2006 Memorandum Opinion and Order with regard to Plaintiff's claims against Guardian in Count I apply equally to Plaintiff's identical claims against the Plan.

Plaintiff's Amended Complaint (Doc. 3) contains four counts.  Count I, a claim for refusal to pay benefits under ERISA, is stated against all Defendants including Defendant Plan as is Court IV which is a claim for attorney fees under ERISA.  Count II was brought only against Defendant Adecco and Count III was asserted only against Defendant Guardian.  Thus, Counts II and III are not the subject of this Memorandum Opinion and Order.

Count I is divided into to subparts.  Count I.A. alleges that Defendants failed to pay disability benefits to Plaintiff under the terms of the ERISA plan.  To the extent that this is a claim for denial of benefits based on Defendants' initial refusal to pay, it is barred by res judicata as this

claim was already litigated in state court.  See Memorandum Opinion and Order filed May 1, 2006 p. 14.  To the extent that this is a claim for denial of benefits based on Defendants' failure to pay from the time of the state court judgment to the present, it is identical to Plaintiff's claim in Count I.B. which expressly seeks to enforce the state court judgment, and, like Count I.B., is subject to dismissal as there is no cause of action under ERISA to enforce a state court judgment.  See Memorandum Opinion and Order filed May 1, 2006 pp. 17-18.   Because Plaintiff's ERISA claims in Count I against the Plan are subject to dismissal, Plaintiff's claim in Count IV for attorneys' fees under ERISA will not lie, and Count IV is also subject to dismissal.

    IT IS THEREFORE ORDERED that all claims against Defendant Long-Term Disability Plan of TAD Resources International, Inc. are hereby DISMISSED WITH PREJUDICE.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE