IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STELLA R. KIRBY,

    Plaintiff,

v.                                                                                                                                      No. 5-CV-402 WJ/WDS

LONG-TERM DISABILITY PLAN OF TAD
RESOURCES INTERNATIONAL, INC.,
ADECCO USA, INC., and GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA,

    Defendants.

**MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION UNDER THE ALL WRITS ACT**

THIS MATTER comes before the Court on Defendant Guardian Life Insurance Company of America ("Guardian")'s Motion for Temporary Restraining Order and Preliminary Injunction Under the All Writs Act (Doc. 30). Guardian asks this Court to use its authority under the All Writs Act, 28 U.S.C. § 1651, to enjoin the New Mexico state proceedings which are currently ongoing. On Wednesday, June 24, 2010, this Court held a hearing on this Motion and DENIED the Motion for the reasons set forth at the hearing. This Order and Opinion follows.

**BACKGROUND**

Plaintiff Stella Kirby worked for TAD Resources International, Inc. ("TAD") as a regional manager. TAD provided a long-term disability plan ("the Plan") to its employees. That Plan was insured by Defendant Guardian, which reviewed the claims and paid out benefits according to the Plan. In January 1996, Kirby became unable to work due to chronic abdominal

pain. Kirby initially received long-term disability benefits from the Plan, but stopped receiving them in 1997 when Guardian determined that Kirby did not meet the definition of "disabled" under the Plan's Policy.

The Court need not recite the full litigation history between the parties, which commenced in April 1999 and continues to the present day. That history has already been well-documented by both this Court in its 2006 Order Granting Guardian's Motion to Dismiss (Doc. 24) and the New Mexico Supreme Court's 2010 decision, 231 P.3d 87 (N.M. 2010). This Court will only briefly address the 2004 default judgment and the two opinions which are relevant to this Motion.

2004 Default Judgment. After unsuccessfully attempting to assert claims against Guardian, Kirby obtained a default judgment against the Plan in New Mexico state court in 2004. The state court judge entered the default judgment because no one had filed an Answer on behalf of the Plan. As part of the default judgment, the state court judge determined that Kirby met the definition of "disabled" under the Plan and that the Plan's denial of benefits was arbitrary and capricious. He ordered the Plan to pay Kirby past disability benefits and to reinstate her future benefits. To date, no one has paid Kirby benefits on behalf of the Plan.

2006 District of New Mexico Decision. In 2005, Kirby sued TAD, the Plan and Guardian in federal court under ERISA. Specifically, she asserted a claim under § 1132(a)(1)(B) for wrongful denial of benefits as well as a claim under § 1132(a)(3) for breach of fiduciary duty. Both claims stemmed from Guardian's refusal to pay disability benefits pursuant to the 2004 default judgment requiring the Plan to pay back benefits to Kirby and to reinstate her future benefits. This Court dismissed Kirby's wrongful-denial-of-benefits claim for failure to state a cause of action. I held that Kirby's claim was essentially a claim to enforce a state court

judgment and that ERISA does not contemplate such a claim. Rather than suing under ERISA, Kirby should have brought her claims under state law enforcement and collection procedures. I also dismissed Kirby's breach-of-fiduciary-duty claim because the relief she was requesting (i.e. reinstatement of her benefits) was an inappropriate remedy under § 1132(a)(3). In conclusion, I dismissed both of Kirby's claims against Guardian because neither claim properly arose under ERISA. I explicitly suggested that she resort to New Mexico collection procedures to enforce her 2004 default judgment against the Plan. At no time did I opine on the underlying question of whether Kirby could collect from Guardian rather than the Plan—the named judgment-debtor in the default judgment. Such questions, I suggested, were better answered by state law enforcement procedures.

Kirby appealed the decision of this Court to the Tenth Circuit. After the appeal was fully briefed, but before oral argument, Kirby moved to stay the Tenth Circuit proceedings. She claimed she had received a favorable judgment against Guardian in New Mexico state court (discussed below) which may moot her Tenth Circuit appeal. The Tenth Circuit granted Kirby's motion and the proceedings are currently stayed.

2010 New Mexico Supreme Court Decision. After I issued my decision, Kirby filed an Application for a Writ of Garnishment in state court. The state trial court ruled in Kirby's favor, the New Mexico Court of Appeals reversed, and the New Mexico Supreme Court reversed again. The 2010 decision of the New Mexico Supreme Court which reversed the Court of Appeals and held that Guardian is bound by the 2004 default judgment against the Plan is the only decision at issue here.

In its 2010 decision, the Supreme Court held that Kirby could collect its default judgment against Guardian. *Kirby v. Guardian Life Ins. Co. of America*, 231 P.3d 87 (N.M. 2010).

3

Although it rested its holding primarily on state garnishment law, the court's analysis hinged on its interpretation of Guardian's obligations under the Policy as well as ERISA law.  Specifically, the Court held that the Policy requires Guardian to pay benefits to any eligible beneficiary.  Once Kirby obtained her 2004 default judgment against the Plan, the Plan, in turn, had a right of action against Guardian for Guardian's refusal to pay benefits according to the terms of the Policy.  The Supreme Court reasoned: "Guardian correctly points out that [the default judgment] was entered against the Plan, not Guardian.  But the Policy imposes an obligation upon Guardian alone to make disability payments when the insurer or a court determines that a beneficiary is eligible under the terms of the Policy.  That obligation gives rise to a legal right in the Plan to compel Guardian to make disability payments improperly denied." *Id.* at 103.  Essentially, the Supreme Court ruled that any violation of Guardian's obligation to pay under the Policy gives the Plan a right of action against Guardian.

   The Court next determined that Kirby could garnish the Plan's right of action against Guardian.  "[U]nder our garnishment statute, the garnishor steps into the shoes of the judgment debtor as against the garnishee. . . . In the present case, Kirby stands in the shoes of the Plan as against Guardian, seeking to garnish any right of action that the Plan could claim against Guardian under the Policy." *Id.* at 99.  The Court found that, under state garnishment law, Kirby could garnish the Plan's right of action and recover directly from Guardian.

   Finally, the Court discussed ERISA in order to determine whether ERISA preempted the application of state garnishment law.  The Court found that it did not.  ERISA only preempts state laws which add to the judicial remedies provided under ERISA.  Because New Mexico garnishment law does not create any new cause of action or provide any new remedy, but merely seeks to enforce a prior judgment, it is not preempted by ERISA.  "[T]he writ of garnishment

does nothing to alter the amount a beneficiary may recover or the terms of eligibility provided for in the Policy in accordance with ERISA. . . . Garnishment is merely a means of enforcing the remedies awarded in a separate judgment." *Id.* at 100.

The Supreme Court concluded by reversing the ruling of the Court of Appeals and ordering Guardian to pay past benefits to Kirby and reinstate her current benefits in accord with the 2004 default judgment. The Court remanded to the Court of Appeals to resolve the remaining issue of attorney's fees.

<u>Instant Motion</u>. Now, Guardian asks this Court to enter a temporary restraining order and preliminary injunction enjoining the state court proceedings—at least until the Tenth Circuit can rule on the appeal pending before it.

## ANALYSIS

The All Writs Act, 28 U.S.C. § 1651, permits all federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdiction." That Act is tempered by the Anti-Injunction Act, 28 U.S.C. § 2283, which forbids a federal court from enjoining state court proceedings except in three circumstances: (1) where an injunction is expressly authorized by Congress; (2) where necessary in aid of the court's jurisdiction; and (3) to protect or effectuate the court's judgments. The third exception—known as the relitigation exception—is the one at issue here. In addressing the relitigation exception, the Tenth Circuit has held that a federal court may only enjoin state proceedings to prevent relitigation of issues that the federal court *actually* decided. *Weyerhaeuser Co. v. Wyatt*, 505 F.3d 1104, 1110 (10th Cir. 2007). Guardian argues that this Court has jurisdiction to enjoin the state court proceedings because the New Mexico Supreme Court has relitigated issues which this Court has already decided. This Court disagrees.

The issues decided by the New Mexico Supreme Court in 2010 differ from the issues decided by this Court in several important respects. First, while I held that Kirby could not enforce her default judgment under ERISA, I did not purport to decide whether that judgment was enforceable under state law. I did, however, explicitly suggest that Kirby's claims were more appropriately filed under state collection and enforcement law. Second, while I held that ERISA does not give Kirby any right of action against Guardian, I did not address the issue of whether ERISA gives the *Plan* any right of action against Guardian. Nor did I address the issue of whether Kirby could "garnish" any right of action the Plan had under New Mexico law. Third, I expressly declined to decide whether Kirby could enforce her default judgment against Guardian rather than the Plan. The New Mexico Supreme Court addressed and analyzed this question under state garnishment law. Finally, it is notable that the New Mexico Supreme Court believed its reasoning was complimentary to—rather than antithetical to—this Court's 2006 opinion.

> Our conclusion today also follows closely upon the direction of the federal district court in this very matter. . . . The federal court rejected Kirby's claims on a simple, practical ground. Since both claims arose out of Guardian's failure to pay the default judgment, appropriate relief could be found in state court by way of a garden-variety judgment enforcement action under state law. . . . The federal court thus deferred to New Mexico state law for a method of enforcing the judgment against the Plan. In doing so, the federal court acknowledged that the terms of the Plan would be at issue, and to some extend ERISA law, but did not find such incidental inquiry to raise preemption issues. Thus, in issuing the writ of garnishment our district court was, in a certain sense, simply following the very course that the federal court had previously described for Kirby to follow.

*Id.* at 102. For these reasons, the New Mexico Supreme Court's 2010 decision does not conflict in any substantial regard with this Court's 2006 decision. Accordingly, the relitigation exception of the Anti-Injunction Act does not apply and this Court cannot grant Guardian the relief it requests.

## CONCLUSION

Because the New Mexico state courts did not attempt to relitigate any issues that this Court had previously decided, this Court DENIES Guardian's Motion for a Temporary Restraining Order and Preliminary Injunction Under the All Writs Act.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE